[Crim. No. 7105. In Bank. Sept. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES
ABNER BENTLEY, Defendant and Appellant.

J. Montgomery Carter, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Edsel W. Haws, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, J.—By information defendants Bentley, Waldo, and Chapple were charged with the crimes of armed robbery (Pen. Code, § 211a), conspiracy to commit armed robbery (Pen. Code, § 182), and murder (Pen. Code, § 187). They all pleaded not guilty. Bentley also pleaded not guilty by reason of insanity. Thereafter Waldo and Bentley withdrew their pleas of not guilty and pleaded guilty. The trial court determined that the murder was of the first degree on the ground that it was committed in the perpetration of robbery. (Pen. Code, § 189.) Neither court nor counsel interpreted Bentley's plea of guilty as withdrawing his plea of not guilty by reason of insanity. (Cf. Pen. Code, § 1016.) On that plea, a jury determined that Bentley was sane. At the trial on the issue of penalty, a second jury fixed his penalty at death and Waldo's penalty at life imprisonment. The trial court denied Bentley's motion for reduction of the penalty or for a new trial on the issue of penalty and entered judgment imposing the death penalty. In a separate trial, a jury found Chapple guilty of first degree murder and of the other crimes charged. The issue of penalty was submitted to the court, which fixed his penalty at life imprisonment. Bentley's appeal is automatic. (Pen. Code, § 1239, subd. (b).)

On the evening of May 22, 1961, pursuant to a plan to commit a robbery, Chapple drove Bentley and Waldo from Chapple's home to a liquor store in Fresno. Chapple's wife and small daughter went along. Chapple parked the car behind the store. Bentley and Waldo got out and approached the proprietor at the front door of his store as he was closing it for the night. Bentley fired two shots. One struck the proprietor in the chest and abdomen causing him to fall. Waldo then shot him in the head. The wounds were fatal. Waldo and Bentley took money and liquor and returned to the waiting car. After abandoning a plan to rob another liquor store because too many people were present, they returned to the Chapple home. The day before the murder, Chapple, accompanied by his wife and child, drove Waldo and Bentley to a

liquor store in Modesto where they committed a similar robbery but did not kill the victim. After the murder, Waldo and Bentley went to Arizona.

A careful review of the record establishes that the trial was conducted with scrupulous regard for defendants' rights. Bentley's sole contention on appeal is that the trial court committed prejudicial error in admitting evidence of a criminal venture by him and Waldo in Arizona about a month after the murder. He contends that this evidence was inadmissible on the grounds that it related to crimes committed outside the state after the crime for which the penalty was being determined and that its probative value was outweighed by its prejudicial effect.

Penal Code section 190.1 provides that at the trial on the issue of penalty evidence may be presented "of the circumstances surrounding the crime, of the defendant's background and history, and of any facts in aggravation or mitigation of the penalty." This section "embodies the broad, liberal rule on admission of evidence that has always existed where a defendant has pleaded guilty and the only issues being tried relate to the degree of the crime and the penalty to be imposed. In such cases wide leeway in the admission of evidence is permitted. [Citations.]" (*People* v. *Jones,* 52 Cal. 2d 636, 647 [343 P.2d 577].) Section 190.1 does not limit evidence of background and history or of facts in aggravation or mitigation to the defendant's activities before the crime was committed or to his activities in this state. What he has done outside the state or after the murder was committed may be as relevant to the issue of penalty as what he has done within the state or before the murder was committed. (See *People* v. *Jones,* 52 Cal.2d 636, 645 [343 P.2d 577]; *People* v. *Friend,* 50 Cal.2d 570, 573 [327 P.2d 97]; *People* v. *Friend,* 47 Cal.2d 749, 763 [306 P.2d 463]; *People* v. *Pike,* *ante,* pp. 70, 93-95 [22 Cal.Rptr. 664, 372 P.2d 656]; *People* v. *Welch, ante,* pp. 271, 273 [23 Cal.Rptr. 363, 373 P.2d 427]; Pen. Code, § 644.)

In the present case the People produced evidence that Bentley and Waldo coerced four teen-age boys to accompany them in the commission of the robbery, kidnapping and attempted murder of a service station attendant in Arizona about a month after the Fresno murder was committed. As in the case of the California crimes, Bentley appeared to be the ringleader. He displayed a complete indifference to human life, and it was only the victim's tenacity in battling his assail-

ants that prevented another murder. The People did not seek to prove these facts by inadmissible hearsay as in *People* v. *Purvis,* 56 Cal.2d 93, 97 [13 Cal.Rptr. 801, 362 P.2d 713] (see also *People* v. *Purvis,* 52 Cal.2d 871, 883 [346 P.2d 22]), but by the testimony of eyewitnesses.

Bentley contends, however, that there was ample other evidence in the record of his repeated criminal behavior and that the evidence of the Arizona crimes was not only unnecessarily cumulative but was presented in such detail as to be unduly inflammatory. Although there was evidence that Bentley had committed many armed robberies in the past, there was no evidence that he had killed any of his victims before the Fresno robbery. The jury was entitled to know that he was not revulsed by that killing but was willing to kill again. It could consider that willingness for what bearing it might have on whether Bentley's shooting of the Fresno victim was accidental or intentional; whether it was premeditated or occurred on the spur of the moment. Unlike *People* v. *Love,* 53 Cal.2d 843 [350 P.2d 705], the People did not present inflammatory evidence of facts that were already in evidence and that were of doubtful relevance at best, but only eyewitness testimony necessary to establish what Bentley said and did in the course of the Arizona crimes.

The judgment is affirmed.

Gibson, C. J., McComb, J., Peters, J., White, J., and Tobriner, J., concurred.

Schauer, J., concurred in the judgment.