[Crim. No. 5119.   Second Dist., Div. Three.   Sept. 27, 1954.]

THE PEOPLE, Respondent, v. ANGELO MICHAEL GENNAITTE, Appellant.

Angelo Michael Gennaitte, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—On May 2, 1951, an information was filed charging Angelo Michael Gennaitte with the crime of kidnaping for the purpose of robbery on or about January 17, 1946, and alleging that he had been absent from the State of California from October 18, 1946, to September 21, 1950, the date of the issuance of the complaint. The information also alleged that on or about November 10, 1946, defendant was convicted in the Circuit Court of Allen County, Indiana, of the crime of car-taking, a felony, and had served a term of imprisonment therefor. Defendant pleaded not guilty to the charge and denied the Indiana conviction, but prior to trial admitted the conviction. The case was tried to a jury, which returned a verdict finding defendant guilty as charged, and also that the person kidnaped had suffered bodily harm, with a recommendation of life imprisonment without possibility of parole. (Pen. Code, § 209.) Judgment and sentence were entered accordingly on August 3, 1951, and defendant's motion for new trial and application for probation were denied on the same date. No appeal was taken from the judgment or order. On June 1, 1953, defendant filed in the superior court a motion to vacate the judgment and verdict, seeking relief in the nature of a writ of *coram nobis*.

In support of his motion to vacate the judgment, defendant alleged, in substance, the following: (1) the prosecution "used improper methods calculated to produce a wrongful conviction" in that the prosecuting attorney charged that defendant had fled the state on October 18, 1946, whereas the truth was, as the prosecution knew, that on October 15, 1946, defendant was before the Circuit Court of Allen County, Indiana, being sentenced for car theft, and in that during the trial the prosecution alluded to the prior conviction although defendant had admitted it before trial, this being contrary to the provisions of section 1025 of the Penal Code; (2) the deputy public defender failed to render to defendant "fidelity, secrecy, diligence and skill," violating his "obligation, duty and trust," and also failed to file notice of appeal within the time allowed, thus depriving defendant of his right to appeal; (3) the verdict and judgment were contrary to the evidence and to law; (4) the defendant is imprisoned without due process of law, and the privileges and immunities and equal protection clauses of the United States Constitution were violated; (5) the trial court failed to instruct the jury correctly in connection with evidence of defendant's flight from the State of California; (6) the trial court was prejudiced against the defendant, and abused its discretion in overruling defendant's objections to

the prosecutor's remarks concerning his flight from the state; (7) the defendant was falsely identified in a line-up because he was forced to appear alone; (8) the defendant had recently discovered and obtained new evidence which if presented on the trial must have prevented a conviction, and defendant's failure to discover and produce this evidence was not due to any fault or lack of diligence on his part. The evidence consisted of what purported to be a transcript of the records of the City Court of Fort Wayne, Indiana, which showed that defendant was convicted on November 5, 1945, of "third degree burglary" and was sentenced to serve a term of ninety days in the Indiana State Farm. Defendant argued that this proved conclusively that he was not in Los Angeles County on January 17, 1946, and thus could not have committed the crime described in the information. In support of the specification described in (1) above, defendant also appended what purported to be a transcript of the record of the proceedings in the Circuit Court of Allen County, Indiana, on October 15, 1946, in which defendant was found guilty of vehicle-taking, to show that defendant could not have fled the State of California on October 18, 1946. Defendant's request for an order directing that he be brought before the court to argue and testify in support of his motion was refused. On June 8, 1953, his motion was denied. Defendant appeals from the order denying the motion. He also seeks to appeal from the original judgment of conviction. The latter appeal comes nearly two years too late and accordingly must be dismissed.

On the appeal, defendant also raises the point that the finding of the prior conviction of car-taking was erroneous, that this is apparent on the face of the record, and that the finding of a prior conviction should be stricken from the judgment. Defendant also requests leave of this court to amend his motion in the superior court to allege that since the denial of his motion he has discovered further evidence which by due diligence he could not have discovered before the date of the denial. Defendant states in his brief that he mailed a copy of his request to the superior court, and that the superior court treated the copy of the request as a separate petition for a writ of error *coram nobis* and denied it on March 1, 1954. Petitioner's attempted appeal from that order was dismissed by this court upon the ground that the superior court was without jurisdiction to entertain a renewal of petitioner's motion or to entertain an amended petition while the present appeal was pending.

■ The function of the writ of error *coram nobis* is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been made known to the trial court, and which, through no negligence or fault of the defendant, was not brought forward before the rendition of judgment. ■ "The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' " (*People* v. *Adamson*, 34 Cal.2d 320, 326-327 [210 P.2d 13], citing *People* v. *Shorts*, 32 Cal.2d 502, 513 [197 P.2d 330].) ■ It is essential that the petitioner state in his motion both the probative facts on which his claims rest, and the time and circumstances under which such facts were discovered, so that the court can determine whether he has exercised due diligence. A mere allegation of the ultimate facts or the legal conclusion of diligence is insufficient. (*People* v. *Shorts, supra,* at 513.)

■ As to none of the eight grounds specified by defendant in his motion did he allege any facts from which a court might conclude that his long delay in bringing the matters therein to the attention of the court was justified. For this reason alone, the motion was properly denied. ■ Furthermore, it is well established that *coram nobis* does not lie for errors cognizable by appeal from the judgment or denial of a motion for new trial. (*People* v. *Adamson, supra*; *People* v. *Reid*, 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435].)

■ The claim of misconduct by the prosecution (items (1) and (7)), and of prejudice on the part of the trial court and errors of law committed by it (items (3), (5) and (6)), were all matters which could have been raised by appeal from the judgment. ■ Defendant's allegations (4) that he was deprived of a fair trial and otherwise deprived of due process of law, and his allegation (2) that the attorney who represented him was incompetent or faithless, insofar as they are intended to support the allegations of denial of due process, are mere general assertions unsupported by any statement of specific facts and are wholly insufficient as grounds for vacating the judgment. To make broad and vague assertions which amount only to legal or factual conclusions is insufficient.

■ Defendant further complains of the denial of his request to be allowed to appear in person on the hearing of his

motion. Whether or not the defendant should have been allowed to appear in person was a matter within the discretion of the trial court. (*People* v. *Kirk,* 76 Cal.App.2d 496, 498 [173 P.2d 367].) Defendant has not shown that his presence on the hearing was essential to a correct determination of the issues put before the court by his motion. It must therefore be presumed that permission to appear in person was properly refused.

Upon petitioner's request for the appointment of counsel, this court appointed Mr. Richard E. Erwin, a member of the Committee on Criminal Appeals of the Los Angeles Bar Association. Prompted by the representation by petitioner that he was confined in Indiana State Farm, State of Indiana, at the time of the crime charged in the information, January 17, 1946, supported by a certified copy of the record of the City Court of the City of Fort Wayne, Allen County, Indiana, attached to the petition, which record recited that petitioner was sentenced on November 5, 1945, to serve 90 days in said Indiana State Farm, petitioner's counsel at the request of this court conducted a thorough investigation of that matter, as a result of which it was ascertained through correspondence with the proper authorities, and reported to the court, that petitioner was not confined in prison in Indiana on January 17, 1946.

As previously mentioned the former conviction was alleged in the information to have occurred on November 10, 1946. The records of the Circuit Court of Allen County, Indiana, copy of which is attached to the present petition, show the conviction of petitioner and his sentencing on October 15, 1946. The conviction alleged in the information was not prior to the commission of the crime in California charged in the information. Since defendant's plea of guilty to the charge of former conviction alleged in the information and the judgment thereon did not relate to a conviction of a crime prior to the date of the crime charged, and since these matters appear on the face of the record, petitioner is to be considered and dealt with as not having been convicted of a felony in the State of Indiana before the commission of the crime charged in the information herein. The order denying the petition is affirmed. The attempted appeal from the judgment is dismissed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 24, 1954.