[Crim. No. 900.   Fourth Dist.   Feb. 27, 1956.]

THE PEOPLE, Respondent, v. MAX STAPLETON, Appellant.

Max Stapleton, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant, while represented by counsel, entered a plea of guilty to the charge of murder. The degree was fixed as that of murder in the first degree. Judgment was imposed on February 18th, 1955. No appeal was taken. On September 6th, 1955, a petition for writ of error *coram nobis* was filed by defendant, in propria persona,

alleging generally that "the judgment is barred by intellectual honesty, repugnant to the 1st, 4th, 5th, 6th, 8th, and 14th amendments to the United States and California Constitutions." He alleges that he was entrapped by "trickery, of search and seizure, contrary to the 4th amendment of the United States Constitution"; that he was convicted on "false *heresay* coerced and conspired against him"; inadequate representation at the trial; suppression of evidence; prejudice of the trial judge; and that he was wrongfully denied his right of appeal. Other similar charges are made. After hearing, the court denied the petition.

The reporter's notes and the minutes of the court in respect to the arraignment of defendant, show that he was presented for arraignment on the indictment on January 19, 1955; that he appeared without counsel; that the court inquired if he had counsel; and he replied that he did, a Mr. Magnus. It appears that Mr. Magnus was present and stated he had been appointed to represent defendant in a preliminary hearing in the municipal court, but had not been retained by him to represent him in reference to the grand jury indictment. The court then, apparently with defendant's consent, appointed him and Attorney Vizzard to represent defendant, and granted further time for plea. No objections to these appointments were made by the defendant. On February 4th, defendant appeared with his counsel and entered a plea of guilty, as charged. On February 8th a hearing was had, witnesses were sworn, and defendant testified in his own behalf. The probation officer's report was fully considered. Defendant announced he had no legal cause to show why judgment should not be pronounced, and he was sent to the state's prison for the term prescribed by law.

The broadside accusations filed by defendant were not supported by any showing and the record before us does not support those accusations. In fact it negatives most of them.

A petition for writ of error *coram nobis* places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires the production of strong and convincing evidence. A mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of the specific facts relied upon and not

merely state conclusions as to the nature and effect of such facts. (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].)

In *People* v. *Martinelli,* 118 Cal.App.2d 94 [257 P.2d 37], it was held that the trial court, in such a proceeding, is not required to accept the face value of the allegations of the petition, unsupported by affidavits or other evidence, even though the petition is verified and uncontradicted.

The office of the writ is to bring to the attention of the trial court errors of fact which, without negligence on the part of the defendant, were not presented to the court at the time of the trial. (*People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505].)

It is well established that relief in the nature of a petition for writ of error *coram nobis* does not lie for errors which could be advanced on motions for new trial or on appeal. (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].) There is no showing of lack of effective aid of counsel. (*People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117].)

As to the remaining "grounds" claimed, *People* v. *Bible,* 135 Cal.App.2d 65 [286 P.2d 524], sufficiently disposes of them.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.