[Crim. No. 5568.   Second Dist., Div. One.   Sept. 12, 1956.]

## THE PEOPLE, Respondent, v. SANTIAGO TARIN, Appellant

Santiago Tarin, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from an order denying a petition for a writ of error *coram nobis*.  Appellant appears in propria persona.

Defendant was charged with the possession of heroin.  As recited in respondent's brief, ''defendant with counsel present, entered a plea of 'Guilty as charged in the information.' Probation was denied and, no legal cause appearing why judgment should not be pronounced, judgment was pronounced and defendant was sentenced to the State Prison for the term

prescribed by law, the Terminal Island Facility being recommended.

"Judgment was entered on October 3, 1952 and no appeal was taken from the judgment entered on defendant's guilty plea.

"More than three years after entry of judgment, on October 25, 1955, defendant filed in the Superior Court of the State of California, in and for the County of Los Angeles, a document entitled, 'PETITION FOR WRIT OF ERROR CORAM NOBIS, WRIT OF HABEAS CORPUS, WRIT OF CERTIORRARI AND FOR THE ORDER TO SHOW CAUSE WHY THE WRIT OR WRITS SHOULD NOT BE GRANTED.'

"In the 'Petition' defendant recited that he had been paroled on October 13, 1953, and that parole was revoked on August 4, 1955.

"GROUNDS STATED IN THE PETITION

"As 'grounds' for issuance for the requested relief defendant contended:

"1. That he was 'forcibly restrained without his consent upon illegal entry of his private domicile';

"2. That his plea of guilty was 'coerced' in that he was 'forced to withstand an ordeal of some (60) days in the jail tanks handicapped by an infected eye'; and

"3. That the Adult Authority 'violated the petitioner and aggravated a new charge using it as a prior.'

"No reason was stated by the defendant in his application why he waited over three years to file his petition. Further, no affidavits or other proof was offered in support of the charge of 'coercion' or of any of the other grounds alleged."

As recited in appellant's brief, "Appellant contends that there is only one question of law that is to be settled by the District Court of Appeal. This question is:

"DID THE SUPERIOR COURT OF THE STATE OF CALIFORNIA VIOLATE THE CONSTITUTIONAL RIGHTS OF DEFENDANT BY DENYING DEFENDANT'S PETITION FOR ERROR CORAM NOBIS WITHOUT A PROPER HEARING?

"Your appellant, SANTIAGO TARIN, being confined in a State Prison located at Represa, California was informed on or about the 1st day of October, 1955, while studying law in the Law Library of said Prison, that he was given a fraudulent and void trial on the 11th day of September, 1952 in that while being represented by counsel, he was forced to enter a Plea of Guilty to charges contained in the information filed against him on the 3rd day of September, 1952.

"Your appellant contends that his constitutional rights to a fair trial were denied him by the method used by the Court Officers in that he was subject to coercion which resulted in the overreaching of his free will and clear judgment in making the Plea of Guilty.

"    .    .    .    .    .    .    .    .    .    .    .

"Appellant contends that had he been informed of the true meaning of the law of the State of California prior to the 1st of October, 1955, he would have then filed his petition for a Writ of Error Coram Nobis at the very earliest possible moment, however, due to the fact that he was not aware of his trial being fraudulent until October of 1955, he is entitled to be heard by way of Error Coram Nobis even though a period of three years has passed since the entering of the plea of guilty.

"Appellant concedes that the writ of Error Coram Nobis is one of narrow scope and its purpose very limited."

The record reveals that appellant actually made no showing in support of the application for the writ. As argued by respondent, "In the instant case the petitioner made no such showing and as a consequence, the petition was properly denied.

"Aside from the foregoing which required the court below to deny the petition, the following must be considered:

▮ "It is well established that on such an application, affidavits (if any were filed), and statements made by the defendant do not have to be accepted at face value but may be disbelieved and in that event the discretion of the trial judge, in the absence of a clear showing of an abuse thereof, will not be disturbed.

"    .    .    .    .    .    .    .    .    .    .    .

"Under the circumstances, the trial court had no alternative but to deny the petition for writ of error coram nobis. ▮ In a case such as this, the burden is on the applicant for the relief *to produce convincing proof of a fact* which constitutes legal ground for the issuance of the writ. The presumption that the judgment is valid in all respects is strong. It is clear that the appellant failed in the trial court to overcome this strong presumption and that he is entitled to no relief from an appellate court.

"*People* v. *Short, supra* (32 Cal.2d 502, 508 [197 P.2d 330]).

"As the court said in *People* v. *Stapleton,* 139 Cal.App.2d 512, 513-514 [293 P.2d 793] :

" 'A petition for writ of error *coram nobis* places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires the production of strong and convincing evidence. A mere naked allegation that a constitutional right has been invaded will not suffice. ▇ *The application should make a full disclosure of the specific facts relied upon and not merely state conclusions as to the nature and effect of such facts.* (*People* v. *Shorts*, 32 Cal.2d 502, 508 [197 P.2d 330].)' (Emphasis added.)"

As pointed out by respondent, appellant's contentions lack support in the record. The denial of the petition for writ of error *coram nobis* in no sense violated defendant's constitutional rights.

The order is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1956.