[Crim. No. 5630.   Second Dist., Div. One.   Sept. 18, 1956.]

THE PEOPLE, Respondent, v. JOSE ANGEL MENDEZ, Appellant.

Jose Angel Mendez, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from an order denying defendant's motion to annul, vacate and set aside a judgment.

In an information filed by the district attorney of Los Angeles county, the defendant was charged with violation of section 11500 of the Health and Safety Code and it was alleged that on or about October 13, 1954, defendant had in his possession a preparation of heroin. Four prior convictions were also alleged in the information. Defendant was duly arraigned and entered a plea of not guilty and denied the prior convictions as alleged. Thereafter, the defendant, the district attorney and defense counsel waived trial by jury, and by stipulation the People's case was submitted on the preliminary transcript. Exhibits were introduced and the defendant testified in his own behalf. When the matter was submitted, the court adjudged the defendant guilty as charged. It was stipulated that the prior convictions could be determined from the probation report.

Subsequently, the first and second priors having been dismissed, the third and fourth priors (violations of the Deadly Weapons Control Act and the State Narcotic Act) were found to be true. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law. Judgment was entered January 14, 1955. No appeal was taken from the judgment.

On or about August 2, 1955, a motion to annul, vacate and set aside the judgment was filed.

The defendant stated that the grounds for the motion were: (1) that the trial court violated defendant's constitutional rights when it sanctioned and failed to "provide relief for the police action of forcefully, illegally, and without warranty, breaking-in the door, entering and searching petitioner's domicile"; (2) that the court denied defendant "due process and equal protection of law" when it "convicted the petitioner without proving the corpus delicti beyond a reasonable doubt"; and (3) that defendant was denied due process and equal protection by not being represented by or having effective and adequate legal counsel.

On August 3, 1955, the motion to annul, vacate and set aside the judgment was denied. There were other proceedings taken and disposed of in *Mendez* v. *Superior Court,* 137 Cal.App.2d 465 [290 P.2d 270], with which we are not concerned at this time.

Defendant contends now that a full hearing should have been accorded him on his application. Respondent contends that the appellant did not state any ground entitling him to the requested relief; that he was accorded a hearing and that the court properly denied his application.

On the appeal presented to this court the defendant claims that the court denied him due process of law when it denied his motion to annul, vacate and set aside the judgment, contending that he should have had a hearing on his motion. The defendant did not present by affidavit or other proof any matter in support of the charges contained in his motion. Defendant further stated no ground for the relief requested, and the court was, in our opinion, justified in denying the motion without a hearing. (*People* v. *Croft,* 134 Cal.App.2d 800, 802 [286 P.2d 479].)

Our examination of the record in this case reveals that the defendant has misconceived the scope of the requested relief. A motion to vacate or set aside a judgment in the nature of a petition for writ of error *coram nobis* is a remedy of

narrow scope. The function of such an application is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before the rendition of judgment. (*People* v. *Gennaitte,* 127 Cal.App.2d 544, 548 [274 P.2d 169].)

It is well settled that such relief does not lie for errors cognizable by appeal from the judgment or order denying a motion for a new trial. (*People* v. *Adamson,* 34 Cal.2d 320, 326, 327, 328 [210 P.2d 13].)

As was said in *People* v. *Ayala,* 138 Cal.App.2d 243, 245-246 [291 P.2d 517] : "It would be a salutory thing if the applicants for this writ could be made to understand its narrow scope. It does not lie to correct errors of law made at the trial. ' . . . The applicant for the writ "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." ' "

One of the alleged or claimed grounds of the defendant is that the evidence introduced against him at the trial was illegally obtained. This is not a ground for relief in the nature of a writ of error *coram nobis.*

Likewise, it is well established that a claim of denial of effective aid of counsel may not be raised in a proceeding in the nature of a petition for writ of error *coram nobis.* (*People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117] ; *People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635].)

It is well settled that the remedy sought in the court below does not lie to redress any irregularity occurring at the trial that could be corrected by a motion for a new trial or by appeal. Thus, the charge that there was insufficiency of the evidence and a failure to prove the corpus delicti of the crime does not state matter within the scope of the requested relief. (*People* v. *Bible,* 135 Cal.App.2d 65, 69 [286 P.2d 524].)

The mere naked allegation that a constitutional right has been invaded will not suffice. "The application should make a full disclosure of the specific facts relied upon and not merely state conclusions as to the nature and effect

of such facts.'' (*People* v. *Stapleton,* 139 Cal.App.2d 512, 513-514 [293 P.2d 793].)

There was nothing in the petition filed in the trial court in this instance warranting the trial court to grant the requested relief, but even had there been affidavits in support of the motion it was not necessary for the trial judge to accept as true any statement contained in any such affidavits. (*People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].)

In this case the defendant did not state any ground for the setting aside of the judgment or produce any proof of any fact constituting legal ground for setting aside the judgment or for the writ of error *coram nobis.* Whether the defendant's petition was to be followed by a hearing appropriate to the issues raised was entirely within the discretion of the court below. (*People* v. *Block,* 134 Cal.App. 217, 218 [25 P.2d 242].)

It is our opinion that the motion was properly denied and the appeal from the order of denial is without any merit whatsoever.

The order of the superior court in denying the motion of the defendant is affirmed.

White, P. J., and Doran, J., concurred.