[Crim. No. 1788.    Fourth Dist.    Oct. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. SIMON BIRDOW, Defendant and Appellant.

586

J. R. Walker, Jr., and Walker, Sullivan, Hews, Brown & Yakutis, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.— The defendant killed a woman by stabbing her 51 times with an ice pick; was charged with murder; at all stages of the proceeding was represented by the public defender; upon advice of his counsel, waived a preliminary hearing and, in the superior court, entered pleas of not guilty and not guilty by reason of insanity; subsequently, was the subject of an examination by two court-appointed psychiatrists who found him to be legally sane but with the mentality of a moron; thereafter, upon advice and after numerous consultations with his counsel, withdrew his pleas of not guilty and not guilty by reason of insanity, and entered a plea of guilty of murder in the first degree; thereupon, was sentenced to life imprisonment in the state prison; a year and a half later, moved the trial court for "a writ in the nature of a Writ of ERROR CORAM NOBIS to reverse, set aside, annul and vacate the final judgment" which had resulted in his imprisonment; concurrently, moved the court for an order directing his removal from prison and delivery to the courtroom for attendance upon the hearing of the former motion; and appeals from the orders of the court deny-

ing both motions. The motions were made by the defendant in propria persona. On appeal he is represented by counsel appointed by this court.

His petition for writ of error *coram nobis* urged two grounds, *viz.:* (1) That he was denied due process of law because no preliminary hearing was held; and (2) that his plea of guilty was entered through mistake and ignorance attributable to a lack of effective counsel. On its face the first ground obviously is without merit, and no contention is made with respect thereto on appeal. The only issue presented to this court concerns the claim that the defendant wrongfully was induced to enter a plea of guilty in that he was ignorant of the effect of entering such a plea, because of his limited intelligence and the *"pro forma"* or "token" representation afforded him by the public defender.

There was substantial evidence submitted to the trial court establishing that the public defender feared that if the defendant were tried he might suffer the death penalty; this conclusion was reasonably supported by the facts of the case; because of this fear the public defender discussed the situation with the district attorney and obtained from the latter an assurance that in the event the defendant entered a plea of guilty, he, the district attorney, would recommend that the court impose life imprisonment, instead of the death penalty, as punishment for the offense; the public defender and the defendant discussed the matter fully on several occasions, during which the latter was advised with respect to the different degrees of homicide; it was the decision of the defendant alone, following these discussions, although the public defender recommended such, to enter a plea of guilty of murder in the first degree upon the promise of the district attorney to recommend life imprisonment as the punishment; the defendant, in a subsequent appearance before the court, withdrew his former pleas and entered a plea of guilty, answering the court's questions concerning such in a manner indicating that he was fully aware of the significance of the proceedings; the defendant had consulted with his counsel on numerous occasions between the latter's appointment on January 30, 1961, and entry of the plea in question on March 16, 1961; and the decision to enter such a plea was not made hastily, but followed a deliberate consideration of the factors involved.

The foregoing evidence fully supports a finding implied in the order of denial that the defendant's plea of guilty was

not entered through mistake or ignorance. Defendant's contention to the contrary is not supported by the record. ■ The findings of the trial court upon conflicting evidence is determinative of factual issues presented by the petition. (*People* v. *Tarin*, 144 Cal.App.2d 399 [301 P.2d 16]; *People* v. *Ynostroza*, 105 Cal.App.2d 332, 334 [232 P.2d 913].)

■ The mere fact that an accused enters a plea of guilty upon the advice and persuasion of his counsel does not constitute a sufficient basis for issuing a writ of error *coram nobis*. (*People* v. *Gilbert*, 25 Cal.2d 422, 433 [154 P.2d 657]; *People* v. *Ynostroza, supra*, 105 Cal.App.2d 332.)

■ Insofar as the defendant's request for relief from the subject judgment is based upon a contention that the representation afforded him by his attorney was merely "pro forma" or "token," and constituted a denial of his constitutional right to counsel, it not only is unsupported by the record but also may not be asserted through a petition for a writ of error *coram nobis*. (*People* v. *Adamson*, 34 Cal. 2d 320, 327 [210 P.2d 13]; *People* v. *Parseghian*, 152 Cal. App.2d 1, 3 [312 P.2d 81]; *People* v. *Herod*, 112 Cal.App. 2d 764, 766 [247 P.2d 127]; *People* v. *Sorensen*, 111 Cal. App.2d 404, 405 [244 P.2d 734].)

■ The defendant's motion requesting an order that he be brought before the trial court to attend the hearing upon his petition was directed to the sound legal discretion of that court in the exercise of the authority conferred upon it by section 1567 of the Penal Code. (*People* v. *Willard*, 92 Cal. 482, 486 [28 P. 585]; *People* v. *Burns*, 128 Cal.App. 226, 230 [16 P.2d 1015].) There is no showing in the record of any necessity for the defendant's attendance at the hearing. No abuse of discretion appears.

The orders appealed from are affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.