[Civ. No. 21094.   First Dist., Div. Three.   Nov. 5, 1963.]

JOHN J. YANNACONE, Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent; THE PEOPLE, Real Party in Interest.

William K. Day for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Eric Collins, Deputy Attorneys General, for Defendant and Respondent.

No appearance for Real Party in Interest.

DRAPER, P. J.—Petitioner is charged with misdemeanor manslaughter (Pen. Code, § 192, subd. 3(b)). Upon denial of his request for pretrial discovery in the municipal court, he sought mandamus in the superior court. After hearing, alternative writ was discharged and peremptory writ denied. Petitioner appeals.

A truck driven by petitioner collided with a Southern Pacific train. Petitioner's fellow employee, riding in the truck, was killed. This prosecution for manslaughter followed.

Petitioner alleges that: He and the heirs of the deceased fellow employee have filed civil actions against the railroad company; he is informed that Southern Pacific has investigated the accident; he believes that the interests of the

company are similar to those of the prosecution; he infers that the railroad would make available to the prosecution only information helpful to it; "therefore, to insure a fair trial defendant should have access to the total investigative materials as developed by the Southern Pacific Company." He prays "issuance of a subpena duces tecum to the Southern Pacific Company, to appear at a special hearing prior to trial, and ... produce their entire investigative file, reports, and statements covering the accident in question."

Even California's liberal criminal discovery rules fail to encompass the relief here sought. In a proper case, one charged with crime may, before trial, inspect: statements of his own in possession of the prosecution, whether signed, unsigned, or on recording tapes; real evidence or reports of state officers' examination thereof; and statements of persons expected to be prosecution witnesses at trial. He may compel disclosure of the names and addresses of eyewitnesses of an alleged crime. (Defense counsel, at oral argument, conceded that he has asked only the names and addresses of the engineer and a flagman, which have been furnished to him.) He may have the prosecution restrained from interfering with his counsel's right to interview witnesses (see decisions reviewed in *People* v. *Cooper,* 53 Cal.2d 755, 769-770 [3 Cal. Rptr. 148, 349 P.2d 964]).

But "he does have to show some better cause for inspection than a mere desire for ... all information which has been obtained by the People in their investigation," and such a "blanket request" will be denied (*id.,* p. 770).

This petitioner does not even limit his demand to information the prosecution has. Rather, his blanket request is for all information the prosecution does *not* have. He fears that the prosecution may have been so lax, or the railroad company so devious, or both, that the former has not yet developed the true facts. He proposes to remedy this hypothetical omission by taking a sort of deposition of the "Southern Pacific Company." Moreover, he seeks to do so without any averment of the slightest attempt on his part to conduct any investigation; without any request to prosecutor or railroad company for any material; and without even an averment on information or belief that any file, statement or record in fact exists.

The statutory right to deposition in criminal cases is limited (Pen. Code, §§ 1336, 1341, 1349). The civil discovery act (*Code Civ. Proc.* § 2016, et seq.) is not applicable to criminal proceedings (*Clark* v. *Superior Court,* 190 Cal.App.

2d 739, 742 [12 Cal.Rptr. 191]).

The broad generality of this petition precludes even surmise as to the permissible discovery which might be sought. Our ruling is without prejudice to defendant's right to the discovery to which he is entitled, upon proper request therefor.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.