[Crim. No. 4340.  First Dist., Div. Three.  Jan. 17, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GABRIEL DEMETER TOTH, Defendant and Appellant.

Gabriel Demeter Toth, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and John F. Kraetzer, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant's "motion to vacate a void judgment", properly treated as a petition for writ of error *coram nobis,* was denied by the trial court. Defendant appeals.

Indicted for the murder of his estranged wife, defendant was represented by counsel of his own choice. On January 3, 1961, he pleaded not guilty and not guilty by reason of insanity. Trial was set for February 28. On February 15, defense counsel moved to withdraw the earlier pleas, stating that defendant desired to "make a plea under section 1192.3." Defendant expressed his own desire that the motion be granted. It was. Defendant personally pleaded "guilty of first degree murder with the specification that the punishment be fixed at life imprisonment," waived trial on the issue of penalty and waived probation report. Sentence followed. He made no motion for new trial, took no appeal and had made no motion to vacate the plea. This petition was filed January 16, 1963, 23 months after his commitment to prison.

Defendant asked appointment of counsel on appeal. Since this is not the "first appeal, granted as a matter of right" (*Douglas* v. *State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]), we reviewed the petition, found that it stated no facts warranting the remedy he seeks, and denied counsel (*People* v. *Miller*, 219 Cal.App.2d 124 [32 Cal.Rptr. 660] [hearing denied by Supreme Court]). Acutely conscious of the value of counsel, we nevertheless reviewed in detail the fact statements in the briefs later filed in propria persona, prepared to treat them as supplementing the petition if any facts warranting coram nobis were even suggested. None were, and thus no reason for appointment of counsel has appeared.

Defendant's principal contention is that the attorney employed by him told him that he would "get the gas chamber" if the case were tried, and particularly that counsel gave a like estimate to his two daughters. To stop their "worrying and crying" he pleaded guilty. He argues that this amounted to "threats, duress, and intimidation" which induced his guilty plea. He nowhere suggests that any prosecutor or other officer of the state participated in any way in these representations to him. But the advice, persuasion, or expression of opinion of his attorney will not suffice to vitiate his plea, in the absence of some showing of corroboration by a responsible state officer (*People* v. *Gilbert*, 25 Cal.2d 422, 443 [154 P.2d 657] ; *People* v. *Martinez*, 88 Cal.App.2d 767, 772-3 [199 P.2d 375] ; *People* v. *Butler* 70 Cal.App.2d 553, 561 [161 P.2d 401]). Defendant argues that his attorney was an officer of the court. But this clearly does not bring into play the rule of *Gilbert*.

Moreover, there is no showing that counsel acted unwisely in recommending a guilty plea. California allows a defendant in a criminal case far broader discovery than do the federal courts. Our statutes require not only that the names of witnesses before the grand jury be endorsed upon the indictment (Pen. Code, § 995a), but also that a transcript of the testimony before the grand jury be delivered to defendant or his counsel (Pen. Code, § 938.1). Although we do not know the extent to which defense counsel interviewed witnesses and used his California right to broad discovery (see *Yannacone* v. *Municipal Court*, 222 Cal.App.2d 72 [34 Cal.Rptr. 838] and cases reviewed in *People* v. *Cooper*, 53 Cal.2d 755, 769-770 [3 Cal.Rptr. 148, 349 P.2d 964]), the record shows that he did receive the grand jury transcript. At defendant's request, we have augmented the record on appeal by adding

that transcript. It does not support defendant's argument that the evidence before the grand jury was insufficient to show first degree murder. On the contrary, it could well support counsel's view that a guilty plea was advisable if punishment could be limited to imprisonment.

The record does indicate that the prosecution knew of the proposed guilty plea before it was entered. But defendant could condition his plea on limited punishment only if the prosecution consented to the lesser punishment (Pen. Code, § 1192.3). It was thus entirely reasonable and proper for defense counsel to discuss the plea before it was entered. Defendant errs in suggesting that this shows any collusion or lack of good faith on the part of his attorney.

Defendant shows great concern over the court's use of the term "rest of your natural life" in sentencing him. He seems to feel that this sentences him to life imprisonment without possibility of parole. He is mistaken. The sentence in no way restricts the normal possibility of parole.

We fail to find any merit in defendant's contention that his conviction results from "an ex post facto law or bill of attainder". His remaining points do not warrant discussion.

Order affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied January 28, 1964, and appellant's petition for a hearing by the Supreme Court was denied March 11, 1964.