[Crim. No. 95. Fifth Dist. Feb. 10, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. FREDDIE DALE WALDO, Defendant and Appellant.

Roslyn Robbins Dienstein, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and John L. Giordano, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (R. M.), J.—On July 17, 1963, appellant filed a petition for a writ of error *coram nobis* without an attorney; the petition was denied, from which order appellant appeals.

At the request of the appellant this court appointed counsel to represent him on this appeal.

This matter results from an information filed August 18, 1961, charging appellant, James Abner Bentley, and Billy Joe Chapple with the crimes of armed robbery, conspiracy to commit armed robbery, and murder. Appellant also admitted one prior felony conviction and entered pleas of guilty to each crime charged. Appellant was then represented by an attorney appointed by the trial court.

The trial court determined that the robbery and the murder were of the first degree and the jury fixed the appellant's penalty for the crime of murder at life imprisonment.

On May 22, 1961, the appellant, Bentley, and Chapple, being armed with a deadly weapon, conspired with each other to commit the crime of armed robbery in violation of section 182 of the Penal Code, and robbed Homer Bryan and murdered him on that date in violation of section 187 of the Penal Code. The details of these offenses are further covered in the automatic appeal of Bentley in *People* v. *Bentley,* 58 Cal.2d 458 [24 Cal.Rptr. 685, 374 P.2d 645].

In appellant's petition for the writ he complains generally that he was not adequately represented by court-appointed counsel and thus was deprived of his lawful rights to have

proper counsel to defend him because of his indigence. Thus, he complains that he was denied a "fair and impartial trial"; that he was placed under extreme duress "by direct command of the office of the District Attorney, being in collusion with the Judicial Authorities of Fresno County, State of California"; that the specific acts consisted of placing him "into a locked, darkened, vermin-infested room," thereby placing him in "extreme mental anguish and physical cruelty by refusing the petitioner proper food to sustain him"; that he was denied medical attention and medication that he needed very much; he was kept incommunicado, and was "constantly taunted with the threat of death" by the police officers; that all of these "cruel and unusual punishments" constituted a direct infringement on his rights of the "Federal Guaranty" of due process.

This is another case in which the appellant has misconceived the scope of the requested relief, as is said in *People* v. *Mendez*, 144 Cal.App.2d 500, 502-503 [301 P.2d 295]: "A motion to vacate or set aside a judgment in the nature of a petition for writ of error *coram nobis* is a remedy of narrow scope. The function of such an application is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before the rendition of judgment. (*People* v. *Gennaitte*, 127 Cal.App.2d 544, 548 [274 P.2d 169].)

"It is well settled that such relief does not lie for errors cognizable by appeal from the judgment or order denying a motion for a new trial. (*People* v. *Adamson*, 34 Cal.2d 320, 326, 327, 328 [210 P.2d 13].)

"As was said in *People* v. *Ayala*, 138 Cal.App.2d 243, 245-246 [291 P.2d 517]: 'It would be a salutory thing if the applicants for this writ could be made to understand its narrow scope. It does not lie to correct errors of law made at the trial. "... The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' " ' "

Granting of the writ "... rests largely within the lower court's discretion, and its ruling thereon will not be

upset on appeal except for an abuse thereof." (*People* v. *Lewis,* 166 Cal.App.2d 602, 605 [333 P.2d 428].)

 The appellant, who waited approximately 18 months to file his petition, must show that his remedy is timely sought. In *People* v. *Painter,* 214 Cal.App.2d 93, 97 [29 Cal. Rptr. 121], this court said that the petitioner " ' . . . must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; . . .' " (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330].)

The showing of due diligence must be detailed and complete, as said in *People* v. *Adamson,* 34 Cal.2d 320, 328-329 [210 P.2d 13], as follows: "In such cases it is necessary to aver not only the probative facts upon which the basic claim rests, but also the time and circumstances under which the facts were discovered, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence; . . ."

 Appellant's first complaint is that he was denied adequate representation, was thus denied certain constitutional rights, and that his plea of guilty was the product of extreme duress. It is plain that these acts, if any, occurred no later than the time of his plea and that the appellant knew all of them at that time, but he makes no explanation. "In the absence of explanation, delay in application bars relief." (*People* v. *Miller,* 219 Cal.App.2d 124, 126 [32 Cal. Rptr. 660].) "The mere naked allegation that a constitutional right has been invaded will not suffice." (*People* v. *Mendez, supra,* 144 Cal.App.2d at p. 503.)

 As to appellant's complaint that he was denied adequate representation and thus denied certain constitutional rights, this is also covered in the *Mendez* case, *supra,* where the court said at page 503: ". . . it is well established that a claim of denial of effective aid of counsel may not be raised in a proceeding in the nature of a petition for writ of error *coram nobis.*"

Appellant's petition fails to allege even a single instance of inadequate representation, but alludes only to vague accusations and conclusions. It must not be forgotten that the appellant had a hearing on the question of degree and also a decision of the jury that he was to suffer only life imprisonment rather than the death penalty which his codefendant Bentley received. (See *People* v. *Bentley, supra,* 58 Cal.2d

458.) And in that case, at page 460, the court stated: "A careful review of the record establishes that the trial was conducted with scrupulous regard for defendants' rights."

With reference to appellant's allegations of duress, such are without merit. His charges are general as to judicial officers and the district attorney and would not be sufficient to support a petition for habeas corpus or a writ of error *coram nobis.* (See *Application of Hodge,* 262 F.2d 778.)

In *People* v. *Tarin,* 144 Cal.App.2d 399, it was likewise argued that the appellant was a victim of similar duress, and the court stated at page 401 [301 P.2d 16]: " 'It is well established that on such an application, affidavits (if any were filed), and statements made by the defendant do not have to be accepted at face value but may be disbelieved and in that event the discretion of the trial judge, in the absence of a clear showing of an abuse thereof, will not be disturbed.' "

*People* v. *Mendez, supra,* 144 Cal.App.2d 500, also comments on this situation, stating at page 504: "There was nothing in the petition filed in the trial court in this instance warranting the trial court to grant the requested relief, but even had there been affidavits in support of the motion it was not necessary for the trial judge to accept as true any statement contained in any such affidavits."

"The applicant must allege facts which establish a right to the writ within its recognized narrow confines. Mere conclusions or generalities will not suffice." (*People* v. *Ayala,* 138 Cal.App.2d 243, 247 [291 P.2d 517].)

The appellant also complains that he was not present at the hearing, and *People* v. *Mendez, supra,* at page 504, and *People* v. *Fowler,* 175 Cal.App.2d 808, 810 [346 P.2d 792], also cover this situation, holding that the presence of the defendant is a matter within the discretion of the trial court.

In appellant's closing brief he raises for the first time a new point—that he was not afforded an alleged constitutional right of appointment of an attorney to represent him in the *coram nobis* proceeding in the court below, thus assuming that if counsel had been appointed he would have been able to file a better petition than he did, the appellant being ignorant of the law and the requirements for such a petition. The general rule is that a point raised for the first time in a closing brief which offers no excuse for failure to include the issue in the opening brief will not be considered by a reviewing court. (*Ocean Shore R. R. Co.* v. *Doelger,*

179 Cal.App.2d 222, 239 [3 Cal.Rptr. 706]; 3 Witkin, Cal. Procedure, Appeal, § 155, p. 2341.) However, in this case defendant filed his opening brief, acting in propria persona. This court then appointed counsel, who was instrumental in preparing and filing the closing brief. Under these circumstances and in the interests of rendering fully effective our order of appointment of counsel, we are disposed to consider the point.

However, the record does not indicate that the petitioner applied to the trial court for the appointment of an attorney. If the petitioner did not desire to have an attorney represent him, and did not request such an appointment, the court below committed no error in failing to appoint counsel and the defendant cannot now claim that he was deprived of a constitutional right. (*People* v. *Blevins,* 222 Cal.App.2d 801, 805 [35 Cal.Rptr. 438, 36 Cal.Rptr. 191].) We find no necessity, therefore, to discuss the abstract claim that an indigent petitioner for a writ of *coram nobis* is entitled to the appointment of an attorney upon demand; it may be noted in passing, however, that such a claim has, heretofore, been rejected in this state. (*People* v. *Fowler, supra,* 175 Cal.App.2d 808, 810.)

The order is affirmed.

Conley, P. J., and Stone, J., concurred.