[Crim. No. 10550. Second Dist., Div. Four. Dec. 20, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. MIKE MASTON, Defendant and Appellant.

[Crim. No. 10602. Second Dist., Div. Four. Dec. 20, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. MILLARD VERNON DEDMON, Defendant and Appellant.

(Consolidated Cases.)

Mike Maston and Millard Vernon Dedmon, in pro. per., and David A. Binder, under appointment by the District Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—These are appeals from orders denying defendants' petitions for writs of error *coram nobis*.

On December 19, 1960, the Grand Jury of the County of Santa Barbara returned indictments charging these two appellants, as well as another defendant, in five counts with kidnaping in violation of Penal Code, section 207 (Count One), kidnaping for the purpose of robbery in violation of Penal Code, section 209 (Count Two), robbery in violation of Penal Code, section 211 (Count Three), rape in violation of Penal Code section 261, subdivisions 3 and 4 (Count Four), and theft of an automobile in violation of Penal Code, section 487, subdivision 3 (Count Five). As to each count, it was alleged that defendants were armed with a deadly weapon, to wit, a shotgun.

The reporters' transcripts of the proceedings on January 31, 1961, reveal that on that date, the appellants herein, while represented by counsel, moved to withdraw their pleas of not guilty previously made to Count Two of the indictment (violation of Pen. Code, § 209), and that the appellants personally made a request to enter a plea of guilty to that count, with

the stipulation that at the time of the commission of the offense they were armed with a deadly weapon, a shotgun, and that bodily harm resulted to the victim from the commission of the offense, the understanding being that the death penalty, one of the two alternative punishments for the offense, would not be imposed.[1] Appellants were asked by both courts if they understood what their counsel said as to changing pleas and as to whether the changes were at appellants' request, and the appellants replied in the affirmative. Such pleas of guilty as to Count Two were accepted as to each appellant. Appellant Dedmon also pled guilty to Count Four. The court read the transcripts of the Grand Jury proceedings and accepted the pleas. Judgments were pronounced and both appellants were sentenced to state prison for the term of life without possibility of parole. As to Count Four, appellant Dedmon was sentenced to state prison for the term prescribed by law. The remaining counts of the indictments were dismissed.

No appeals were taken from these judgments and more than three and one-half years later these appellants, in propria persona, filed with the superior court what they each denominated as a petition for writ of error *coram nobis* on the grounds of fraud, duress and mistake in the entry of the plea of guilty, in which petitions the appellants made the claim that trial counsel had "intentionally misled" them to believe that no valid defenses existed for them and that their respective counsel wrongfully persuaded them to plead guilty to avoid the death penalty. Appellants claim the trial court did not properly advise them of their rights or of the consequences of their pleas.

Counsel was appointed for appellants, and hearings were held on October 19, 1964, in the *Maston* case and on October 2, 1964, in the *Dedmon* case. Judge Butcher, who had previously been the counsel for Mike Maston, and Robert James Westwick, who had previously been counsel for Millard Vernon Dedmon, filed separate affidavits stating that they had used due diligence in protecting their respective clients and that they had advised guilty pleas on condition that the death penalty not be imposed in the honest belief that this arrangement was in the best interests of the appellants.

Millard Vernon Dedmon's petition and affidavit, and the affidavit of Robert Westwick, were considered by Judge C. Douglas Smith, and Judge Percy C. Heckendorf considered the affidavits and petition of Mike Maston and of Judge

---

[1] A procedure expressly authorized by Penal Code, section 1192.3.

Butcher. Orders denying the petitions for writs of error *coram nobis* were issued for both defendants, and both defendants here appeal. Since both appeals arise from a single prosecution, and invoke the same legal issues, we deal with them in a single opinion.

The contentions of the appellants are without merit. ■ A petition for a writ of error *coram nobis* is a remedy of narrow scope. The function of such a writ is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. (*People* v. *Mendez* (1956) 144 Cal.App.2d 500 [301 P.2d 295]; *People* v. *Gennaitte* (1954) 127 Cal.App.2d 544 [274 P.2d 169].)

■ *Coram nobis* proceedings are attended by a strong presumption that the judgment of conviction is valid. The court is not required to accept at face value the allegations of the petition. (*People* v. *Adamson* (1949) 34 Cal.2d 320 [210 P.2d 13]; *People* v. *Shorts* (1948) 32 Cal.2d 502 [197 P.2d 330]; *People* v. *Goodspeed* (1963) 223 Cal.App.2d 146 [35 Cal. Rptr. 743].)

■ Due diligence is required in making an application for relief, and, in absence of a valid excuse for delay, the petition will be denied. The cases of *People* v. *Crawford* (1959) 176 Cal.App.2d 564 [1 Cal.Rptr. 811], and *People* v. *Johnson* (1959) 175 Cal.App.2d 290 [345 P.2d 952], held that a two-year delay precluded use of the writ. In the cases before the bench there was a three-and-one-half-year delay, and this delay is not sufficiently excused by petitioners' claims of limited education and once a week use of the prison law library.

Petitioners allege that their rights to equal protection of the law were denied. ■ The mere naked allegation that a constitutional right has been invaded will not suffice. (*People* v. *Tarin* (1956) 144 Cal.App.2d 399 [301 P.2d 16].) The application should make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts. (*People* v. *Stapleton* (1956) 139 Cal.App.2d 512 [293 P.2d 793].) ■ To make broad and vague assertions of violations of constitutional rights is insufficient grounds for issuing a writ of error *coram nobis*. (*People* v. *Gennaitte, supra* (1954) 127 Cal.App.2d 544, at p. 548.) In the instant case the court has been provided with no concrete evidence to prove the accusations of the appellants. Being

"poor" and "ignorant" is not sufficient excuse for failure to provide proof in support of claims of violation of constitutional rights. (*People* v. *Adamson, supra* (1949) 34 Cal.2d 320, 332.)

Appellants claim their attorneys committed fraud against them in inducing their guilty pleas. Petitioners' allegations need not be accepted at face value. Appellants must have convincing proof of fraud and there is a strong presumption in favor of the trial court. (*People* v. *Tarin, supra* (1956) 144 Cal.App.2d 399.) Also, the judge need not accept as true any statements in the affidavits. (*People* v. *Mendez, supra* (1956) 144 Cal.App.2d 500.) The court in the case of *People* v. *Flores* (1956) 147 Cal.App.2d 243 [305 P.2d 90], held that the questions of fraud, duress and coercion by attorneys are essentially factual, and if the trial court believed the attorneys as opposed to the defendant, the trial court's determination of the truthfulness of a witness is final.

Appellants also urge that their pleas of guilty were entered as a result of their ignorance and mistake, and the advice and duress of counsel. The mere fact that an accused enters a plea on the advice of his counsel does not constitute a sufficient basis for issuing a writ of error *coram nobis* (*People* v. *Birdow* (1963) 221 Cal.App.2d 585 [34 Cal.Rptr. 620]), in the absence of some showing of collaboration by a responsible state officer. (*People* v. *Toth* (1964) 224 Cal.App.2d 130 [36 Cal.Rptr. 417].) There is no such showing here. Further, both the attorneys indicate in their affidavits that they explained to their clients the consequences of their guilty pleas, and there is no indication of duress by either attorney.

Moreover, there is no showing that the attorneys acted unwisely in recommending guilty pleas. On the contrary, it could well support counsel's views that a guilty plea was advisable if punishment could be limited to imprisonment. (*People* v. *Toth, supra* (1964) 224 Cal.App.2d 130.) The appellants' attorneys in the case before the bench feared that the appellants Maston and Dedmon might suffer the death penalty, and this conclusion is reasonably supported by the facts of the case. Thus, the advice was the result of exercising sound legal judgment. (See also, *People* v. *Birdow, supra* (1963) 221 Cal.App.2d 585, 588.)

The appellants raise the question of whether their conviction under Penal Code section 209 was proper. Appellants claim that any robbery which took place in this case was an accomplished fact before the kidnaping and subsequent rape.

They claim that if there was not a kidnaping for the purpose of a robbery, a conviction under Penal Code section 209 would be improper. (*People* v. *Houston* (1963) 219 Cal.App.2d 187 [33 Cal.Rptr. 26].) Kidnaping with a subsequent rape of the victim is punishable under Penal Code section 207, and the death penalty is not involved as a punishment for violation of Penal Code section 207. Appellants claim that their guilty pleas were based on the condition that the death penalty, possible under Penal Code section 209, not be imposed, and that, therefore, the pleas were entered by mistake.

The record before the trial courts on the *coram nobis* proceedings, and presented to us on this appeal, does not disclose what evidence had been presented to the grand jury when it voted to indict these defendants; nor does it disclose what communications there had been between these defendants and their counsel, or between their counsel and the prosecuting attorney, as to the facts of the offenses charged or the evidence available to the parties. Even if erroneous advice can ever be a ground for relief on *coram nobis*—a point we need not here decide—there is present in this case nothing to suggest that defense counsel had not correctly concluded that their clients faced a real risk of being found guilty of violating section 209 and, thus, of facing a potential death sentence. In addition, as we have said above, the original trial judge, although under no legal duty so to do, but out of extreme caution, himself read the grand jury transcript before he accepted the offers to plead guilty; we must presume that he would have rejected the offer had he, also, not been convinced that a conviction of a violation of section 209 was a reasonable probability. On the record made in this proceeding, the trial court could not have found anything other than that the pleas now attacked were made advisedly, on the advice of competent and conscientious counsel.

The orders denying the petitions are affirmed.

Files, P. J., and Jefferson, J., concurred.

The petition for a rehearing was denied January 4, 1966, and appellants' petition for a hearing by the Supreme Court was denied February 16, 1966.