Filed 3/11/14  P. v. Reed CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064556 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR40656) |
| LE SON REED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Leonard Jay Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

I.

INTRODUCTION

In 1977, Le Son Reed pled guilty to one count of robbery (Pen. Code, § 211)[1] and admitted a firearm enhancement allegation (§ 12022.5.) More than 30 years later, in 2013, Reed filed a petition for writ of error *coram nobis*, seeking to vacate his 1977 plea. In his petition, Reed contended that his guilty plea was involuntary because the trial court and his counsel had not informed him that he had the right to appeal from the judgment entered pursuant to his plea.

The trial court denied the petition on several grounds, including that Reed had not "explain[ed] how (allegedly) not being told he could appeal his guilty plea would prevent rendition of the judgment on that plea." The trial court also ruled that the petition was untimely in that Reed had failed to provide an adequate explanation for his lengthy delay in filing the petition.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Reed filed a supplemental brief seeking reversal. After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

2

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 1977, the People charged Reed with attempted murder (count 1) (§§ 664, 187), robbery (count 2) (§ 211), assault with force likely to produce great bodily injury (count 3) (former § 245, subd. (a)(1)), attempted kidnapping (count 4) (§§ 664, 207), and two counts of unauthorized use of a motor vehicle (§ 10851) (counts 5 and 6). With respect to count 2, the People alleged that Reed was armed with, and used, a firearm during the commission of the robbery (§ 12022.5).

On September 20, 1977, Reed executed a "Change of Plea" form on which he indicated both that he understood the nature of the charges against him and that his attorney had discussed the nature of the charges against him and the possible defenses to the charges. A minute order of that same date indicates that the trial court held a hearing at which Reed was "sworn [and] examined," the trial court "advised [Reed of his] rights," and Reed "waived [the] same." The minute order further states that Reed pled guilty to count 2 and that, upon the People's motion, the trial court dismissed the remainder of the counts.

In January 1978, the trial court committed Reed to the California Youth Authority. In its order, the trial court indicated that the maximum term of imprisonment to which Reed could have been sentenced was six years.

In June 2013, Reed filed a petition for writ of error *coram nobis*, seeking to vacate the 1977 plea. In July 2013, the trial court issued an order denying the petition.

Reed appeals from the order denying his petition.

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

> "Was the decision, dated July 8, 2013, denying appellant relief without an evidentiary hearing, an abuse of discretion and/or did said decision deny appellant his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution?

> "Is the proffered reason for the delay[2] in challenging the guilty plea sufficient to overcoming the doctrine of laches?"

After this court received counsel's brief, we gave Reed an opportunity to file a supplemental brief. Reed filed a supplemental brief in which he argued that the trial court erred in denying his petition because at the hearing in 1977 during which Reed entered a guilty plea, the trial court did not ascertain that Reed understood the elements of the offense to which he was pleading guilty. This claim fails for several reasons, including that the record does not contain a transcript of the plea colloquy. Thus, even assuming that Reed is correct that the trial court was required to determine that he understood the elements of the offense to which he was pleading guilty, without a

---

2      In his petition, Reed sought to justify the delay in filing the petition on the ground that he had been unaware that the 1977 conviction could serve as the basis for enhancing a subsequent conviction.

4

transcript of the guilty plea, we have no way of determining whether the trial court made such a determination. "A petition for writ of *coram nobis* places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires the production of strong and convincing evidence. A mere naked allegation that a constitutional right has been invaded will not suffice." (*People v. Stapleton* (1956) 139 Cal.App.2d 512, 513.) Accordingly, Reed is not entitled to reversal of the trial court's denial of his petition for writ of *coram nobis* on this ground. In addition, Reed has failed to provide an adequate explanation for why it was reasonable for him to wait more than 30 years after his conviction to file this petition.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues suggested by counsel and by Reed, has disclosed no reasonably arguable appellate issue. Reed has been adequately represented by counsel on this appeal.

## IV.

## DISPOSITION

The order denying the petition for writ of error *coram nobis* is affirmed.

                                         _____

                                                  AARON, J.

WE CONCUR:

_____

        McCONNELL, P. J.

_____

        O'ROURKE, J.