[Civ. No. 19769. First Dist., Div. One. Mar. 31, 1961.]

DON W. CLARK, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

J. W. Ehrlich for Petitioner.

Stanley Mosk, Attorney General, Arlo E. Smith and Derald E. Granberg, Deputy Attorneys General, Thomas C. Lynch, District Attorney, and Francis Mayer, Deputy District Attorney, for Respondent.

BRAY, P. J.—Petition for writ of mandamus to compel the superior court to issue an order for the taking of depositions of witnesses who testified for the People in a grand jury investigation resulting in the indictment of petitioner for violation of section 26104, Corporations Code.

### Question Presented

 Except in the limited situations provided in section 1349, Penal Code (witness residing outside the state), in section 1336 (witness about to leave the state or so sick or infirm as to afford reasonable grounds for apprehension that he will be unable to attend the trial), and in section 1335 (conditional examination of witnesses), may the defendant take the deposition of a prosecution witness in a criminal case?

### Record

The San Francisco Grand Jury after examining certain witnesses indicted petitioner for violation of section 26104, Corporations Code (sale of securities without permit). Petitioner moved the superior court for an order permitting the taking of the deposition of said witnesses, alleging that the witnesses were examined before the grand jury mostly under leading questions of the prosecuting attorney, that the witnesses answered questions "yes" and "no," that petitioner is deprived of a fair trial by not having a record available to him for purposes of cross-examination, and that petitioner's substantial rights will be prejudiced if he is not permitted to take the deposition of said witnesses. The court denied the

motion. Petitioner then filed his petition in this court to compel the superior court to order the taking of said depositions.

### 1. *Petitioner Not Entitled to Take Deposition.*

It is an interesting thing that the question of the right of a defendant to take the deposition of a prosecuting witness except in limited situations such as those set forth in the before-mentioned code sections, so far as we can learn, has never before been raised in this state, nor in England, nor, except for three cases, in the United States. Ever since the beginning of the common law, it apparently has been believed by both prosecuting and defense attorneys and the courts that such depositions could not be taken, for it has been the universal practice not to take them. The only cases on the subject in any jurisdiction called to our attention or that we have been able to find are *Reed* v. *Allen,* 121 Vt. 202 [153 A.2d 74, 73 A.L.R.2d 1161] ; *State* v. *Christensen,* 40 Wn.2d 329 [242 P.2d 755] ; and *Ex parte Denton,* 266 Ala. 279 [96 So.2d 296]. In all of those cases the right to take such depositions was denied. The right to take depositions in federal cases is restricted by rule 15 (a), Federal Rules of Criminal Procedure: "If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing . . ."

It is significant that the Legislature, over the years, has seen fit to provide for the taking of depositions of prosecution witnesses in criminal cases only in the limited situations set forth in the before-mentioned code sections. In fact, the Legislature has practically provided that other depositions may not be taken, for section 1341, dealing with conditional examination of witnesses as provided in section 1335, provides, "If, at the time and place so designated, it is shown to the satisfaction of the magistrate that *the witness is not about to leave the state, or is not sick or infirm, or that the application was made to avoid the examination of the witness on the trial, the examination cannot take place.*" (Emphasis added.)

Moreover, the California Constitution seems to qualify the right to depositions in criminal cases for article I, section 13, provides in "Rights of Accused," "The Legislature shall have power to provide for the taking, in the presence of the party accused and his counsel, of depositions of witnesses in criminal cases, other than cases of homicide *when there is reason to believe that the witness, from inability or other cause, will not attend at the trial.*" (Emphasis added.)

█ It is true that in 1957 the Legislature greatly liberalized discovery and the taking of depositions in civil cases. (See Code Civ. Proc., § 2016 et seq.) However, those sections apply only to civil actions and proceedings.

Prior to 1957 the right to take depositions, even in civil cases, was limited to the situations set forth in the then sections 2020 et seq., Code of Civil Procedure (see *Verdier* v. *Superior Court* (1948), 88 Cal.App.2d 527, 532 [199 P.2d 325]). While the Legislature in 1957 liberalized discovery and the taking of depositions in civil cases, it made no change in the statutes concerning depositions in criminal cases. This fact is highly significant.

If the Legislature had considered that the civil discovery provisions recently enacted should be applicable in criminal cases it would have so stated. The three cases from other jurisdictions before mentioned, expressly held that the substantial adoption of the Federal Rules of Civil Procedure relative to depositions by their respective states did not permit the taking under those rules of depositions in criminal cases.

█ Without detailed analysis it is evident that great differences exist between the Penal Code sections and the Code of Civil Procedure sections on depositions. Depositions under the Code of Civil Procedure may be taken of "any person" at any time without leave of court. (Code Civ. Proc., § 2016.) Another and very important difference is that all parties in civil actions have the right to take depositions, while in criminal cases, the prosecution has no right to take depositions of the defendant or his witnesses. The right to take depositions should be a mutual one.

█ The fact that defendant or his counsel may not appear before the grand jury during their investigation of him (see *People* v. *Dupree,* 156 Cal.App.2d 60, 64-65 [319 P.2d 39] ; *People* v. *Dale,* 79 Cal.App.2d 370, 376 [179 P.2d 870]), or that the witnesses there may be asked leading questions and give monosyllabic answers, would not give rise to a right to take a deposition which right is not provided by law and which in fact is contrary to procedure established in all English-speaking courts for several centuries. █ There was no right to take depositions in criminal cases at common law. (*Pingry* v. *Washburn,* 1 Aikens (Vt.) 264, 268 [15 Am. Dec. 676] ; *Reed* v. *Allen, supra,* 153 A.2d 74, 75.) █ A defendant is not without some relief in the event he desires more information from the prosecution witnesses than appears in the grand jury's transcript. He may interview such wit-

nesses and the prosecution has no right to instruct witnesses not to talk to the defendant or his attorney. (*Walker* v. *Superior Court,* 155 Cal.App.2d 134, 140 [317 P.2d 130].)

 If it is deemed advisable to change such a long-established procedure, such change should be made by the Legislature rather than by the courts, if for no other reason than that provision as to the manner of taking such depositions must be made. The defendant would be required necessarily to be present, and certainly a notary public's office or the office of the defendant's attorney (places in which depositions in civil cases may be taken) would hardly be fit places for the taking of the depositions of defendants in criminal cases, particularly defendants then in a jail or penitentiary. Also protection would have to be provided against using the taking of a deposition as merely an excuse for a junket trip for a confined defendant.

 Petitioner has cited no authority supporting his demand to take the deposition of the prosecution's witnesses.

The cases permitting inspection by the defendant in criminal cases of his own statements and the other documents and matters referred to in the authorities listed in *People* v. *Norman,* 177 Cal.App.2d 59 [1 Cal.Rptr. 699], are not pertinent here. In those cases it is stated, in effect, that the right to such inspection had long been established in this state and other jurisdictions, whereas, as we have pointed out herein, the right to take depositions in criminal matters has never been allowed except in the limited situations permitted by statute.

The alternative writ is discharged and the petition is denied.

Tobriner, J., and Duniway, J., concurred.