[Sac. No. 7756. In Bank. Dec. 16, 1966.]

JOHN P. SHIVELY et al., Petitioners, v. COLEMAN E. STEWART, as Hearing Officer, etc., Respondent; BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, Real Party in Interest.

476

Lamb & Glynn, Robert L. Lamb and Robert J. Glynn, Jr., for Petitioners.

Zad Leavy and Herma Hill Kay as Amici Curiae on behalf of Petitioners.

Thomas C. Lynch, Attorney General, E. G. Funke, Assistant Attorney General, Gerald F. Carreras, L. Stephen Porter, Warren H. Deering and Wiley W. Manuel. Deputy Attorneys General, for Respondent and Real Party in Interest.

George R. Coan and Charles H. Bobby as Amici Curiae on behalf of Respondent and Real Party in Interest.

478

TRAYNOR, C. J.—Petitioners John P. Shively and Seymour Smith, licensed physicians authorized to practice medicine and surgery in the State of California, brought this proceeding to compel issuance of subpoenas duces tecum to obtain depositions and documents from the Executive Secretary of the State Board of Medical Examiners and from the board's attorney prior to disciplinary hearings.

On May 20, 1966, Wallace W. Thompson, executive secretary of the board, filed accusations against petitioners stating that they aided, abetted, attempted, offered to procure, and performed criminal abortions on named women on specified dates. The accusations initiated disciplinary proceedings that could result in the revocation of petitioners' licenses to practice medicine (Bus. & Prof. Code, § 2360; Gov. Code, § 11503). Petitioners filed notices of defense and requested hearings. (Gov. Code, § 11506.) On June 6 the board set Dr. Shively's hearing for July 25 and Dr. Smith's for July 27. (Gov. Code, § 11509.)

On June 27 petitioners presented four subpoenas duces tecum to respondent hearing officer requesting prehearing depositions and production of documents. By letter dated the same day, the hearing officer refused to sign the subpoenas.

On June 30 petitioners filed a petition for a writ of mandate in the superior court to compel issuance of the subpoenas, and on July 14 that court denied the petition.

On July 22 petitioners filed a petition for an alternative writ of mandate and a restraining order in this court. We issued an alternative writ and stayed the administrative hearings pending final disposition of the writ proceeding.

The Administrative Procedure Act (Gov. Code, §§ 11501-11524), which was adopted in 1945 before pretrial discovery became a legal norm, contains no express provisions authorizing prehearing discovery in administrative proceedings. (See generally Judicial Council of California, Tenth Biennial Report (1944); Comment, *Discovery Prior to Administrative Adjudications—A Statutory Proposal* (1964) 52 Cal.L.Rev. 823.) ■ Although section 11510 of the Government Code provides that ''Before the hearing has commenced the agency or the assigned hearing officer shall issue subpoenas and subpoenas duces tecum at the request of any party . . .'' (subd. (a)), section 11511 indicates that the Legislature expressly contemplated the use of the subpoena power to secure the attendance of witnesses and the production of evidence at hearings. ■ Thus, in authorizing the taking of depositions

when the witness will be unable to or cannot be compelled to attend, section 11511 provides for depositions, not for the purpose of discovery, but to secure evidence for use at the hearing.

The Legislature's silence with respect to prehearing discovery in administrative proceedings does not mean, however, that it has rejected such discovery. Instead, as in the case of criminal discovery (see *Jones* v. *Superior Court,* 58 Cal.2d 56, 58 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213], and cases cited), it has left to the courts the question whether modern concepts of administrative adjudication call for common law rules to permit and regulate the use of the agencies' subpoena power to secure prehearing discovery.

Statutory administrative procedures have been augmented with common law rules whenever it appeared necessary to promote fair hearings and effective judicial review. In *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260 [246 P.2d 656], we construed a statute requiring a licensing agency to "ascertain" facts to require the agency to give notice and hold a hearing. In *English* v. *City of Long Beach,* 35 Cal.2d 155 [217 P.2d 22, 18 A.L.R.2d 547], we augmented the applicable statutory rules and required the agency involved to afford the accused an opportunity to rebut ex parte evidence before it. In *Brotsky* v. *State Bar,* 57 Cal.2d 287 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310], we held that discovery was appropriate in state bar disciplinary proceedings. These cases illustrate Professor Davis' observation that the law determining the adequacy of administrative hearings "is mostly judge-made law . . ." and "the standards are essentially the same whether judges are giving content to due process, whether they are giving meaning to inexplicit statutory provisions, or whether they are developing a kind of common law." (Davis, 1 Administrative Law Treatise (1958) § 7.20, p. 506.)

We need not recanvass the arguments for and against attrial and pretrial discovery in civil and criminal cases. We are committed to the wisdom of discovery, by statute in civil cases (Code Civ. Proc., §§ 2016-2036), and by common law in criminal cases. (*Jones* v. *Superior Court, supra,* 58 Cal.2d 56, 58, and cases cited.) The criminal law analogy is appropriate here. The medical board has the resources of the state at its command to enable it to secure complete information and to prepare its case before filing an accusation. (Gov. Code, §§ 11180-11181.) Such investigatory powers have been liberally construed. (*Brovelli* v. *Superior Court,* 56 Cal.2d 524, 528-529

[15 Cal.Rptr. 630, 364 P.2d 462]; see *Redding Pine Mills* v. *State Board of Equalization,* 157 Cal.App.2d 40, 44 [320 P.2d 25]; *United States* v. *Morton Salt Co.,* 338 U.S. 632, 642-643 [94 L.Ed. 401, 70 S.Ct. 357].) ■ A disciplinary proceeding has a punitive character, for the agency can prohibit an accused from practicing his profession. (See Reich, *The New Property* (1964) 73 Yale L.J. 733, 751-755, 781, 784.) ■ Since the agency is the accuser, a party to the proceeding, and ultimately makes a decision on the record, its concentration of functions calls for procedural safeguards. (*Ibid.,* p. 752, fn. 97.) ■ Petitioners have been charged with crimes and should have the same opportunity as in criminal prosecutions to prepare their defense. (See *Funk* v. *Superior Court,* 52 Cal.2d 423, 424 [340 P.2d 593].) Moreover, when, as in this case, a busy professional board must be assembled to hear the charges, it is of the utmost importance that full preparation be promoted so that needless continuances can be avoided.

The Attorney General contends that even if subpoenas duces tecum should have issued to compel prehearing production of documents and statements, the denial of the subpoenas was an interlocutory decision of an administrative agency that cannot be reviewed until administrative remedies are exhausted. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) ■ There is no administrative remedy, however, for the erroneous denial of a subpoena before a hearing. Section 11510 of the Government Code provides that on proper application before the hearing subpoenas ''shall issue,'' and whether subpoenas are sought for the production of evidence at the hearing or to secure prehearing discovery, their issuance is a ministerial act with respect to which the agency or the hearing officer has no discretion. (*Southern Pac. Co.* v. *Superior Court,* 15 Cal.2d 206, 210 [100 P.2d 302, 130 A.L.R. 323]; see Code Civ. Proc., § 1986; Judicial Council of California, Tenth Biennial Report (1944) 17-18.) ■ The agency can move to quash, vacate, or modify the subpoena in the superior court if the subject matter is privileged or the subpoena is too broad. (*Filipoff* v. *Superior Court,* 56 Cal.2d 443, 452 [15 Cal.Rptr. 139, 364 P.2d 315].) ■ Thus, the agency does not pass on the scope of its adversary's subpoenas and need not assign hearing officers before hearings have actually begun. The procedure is similar to that set forth in Government Code sections 11187-11189, under which agencies must seek enforcement of their subpoenas in the superior court. It is only at the hearing that the issuance of subpoenas is not mandatory (*National Auto. &*

*Cas. Ins. Co.* v. *Garrison,* 76 Cal.App.2d 415, 417 [173 P.2d 67]), for a hearing officer is then present who can determine after hearing both sides, whether or not a subpoena should issue.

The Attorney General contends, however, that even if discovery is proper, the subpoenas duces tecum requested are so broad that had they issued, they would be subject to a motion to quash or modify in the superior court. Normally a motion to quash or modify should be made in the superior court after the subpoenas have issued. Since the entire case is now before us and the matter of the scope of the subpoenas has been fully briefed, no purpose but delay would be served by refusing to consider it. (See *Hagan* v. *Superior Court,* 53 Cal.2d 498, 502 [348 P.2d 896], and cases cited.)

Petitioners seek to subpoena (1) statements taken from the women named in the accusations describing their care and treatment and similar statements taken from their husbands; (2) copies of petitioners' bills, letters, and documents with respect to the treatment given the women; and (3) reports and documents gathered by investigators and employees of the board. In the affidavits in support of the subpoenas duces tecum, petitioners declare that at the hearing the mental and physical condition of the women, the intentions and acts of petitioners, and the necessity of the surgical procedures will be in issue. They allege that all of the requested items will be admissible in evidence.

 It is not necessary that the items be admissible in evidence to compel their production. When the agency's subpoena power is invoked to secure discovery, the good cause and materiality requirements of Code of Civil Procedure section 1985 must be governed by discovery standards. (*Filipoff* v. *Superior Court, supra,* 56 Cal.2d 443, 449 [the court equated the requirements for issuance of subpoenas duces tecum with the requirements for motions for the production and inspection of documents under Code of Civil Procedure section 2031] ; *Powell* v. *Superior Court,* 48 Cal.2d 704, 709 [312 P.2d 698] ; *Funk* v. *Superior Court, supra,* 52 Cal.2d 423.) In *Funk* we held that a defendant charged with criminal abortion was entitled to pretrial discovery of statements the alleged victims made to the police. Petitioners are therefore clearly entitled to prehearing discovery of the statements of the women and their husbands. Since petitioners also allege that they do not have copies of the bills, letters, and documents referred to as item two, they are also entitled to

production of such of those documents as are in the possession of the board's agents.

■ With respect to item three, the applicable rule is that to secure discovery, there must be a showing of more than a wish for the benefit of all the information in the adversary's files. (See *West Pico Furniture Co.* v. *Superior Court*, 56 Cal. 2d 407, 419 [15 Cal.Rptr. 119, 364 P.2d 295]; *People* v. *Cooper*, 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964]; *Ballard* v. *Superior Court*, 64 Cal.2d 159, 167-168 [49 Cal. Rptr. 302, 410 P.2d 838].) Accordingly, in the absence of some additional showing of need and specificity, petitioners are not entitled to discovery of all of the reports and documents gathered by investigators and employees of the board. Since petitioners are entitled to a reasonable *opportunity to make* such a showing, however, they may invoke the subpoena power of section 11510 of the Government Code to take depositions of the board's attorney and executive secretary to determine whether there is "good cause" for the production of other documents that are neither privileged nor protected as the attorney's work product. (See Code Civ. Proc., § 2016, subd. (b), § 2036, subd. (a); *Union Oil Co.* v. *Superior Court*, 151 Cal.App.2d 286, 293 [311 P.2d 640].)

Let a peremptory writ of mandate issue directing respondent to issue subpoenas duces tecum for the production of any statements made by women named in the accusations and their husbands, and copies of petitioners' bills, letters, and documents with respect to the treatment given the women.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Peek, J.,* concurred.

The petitions of the respondent and the real party in interest for a rehearing were denied January 10, 1967. Sullivan, J., did not participate therein.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.