[Civ. No. 24470. First Dist., Div. Two. Oct. 22, 1968.]

GEORGE THOMAS EVERETT et al., Plaintiffs and Appellants, v. MILTON G. GORDON, as Real Estate Commissioner, etc., et al., Defendants and Respondents.

Matthew M. Fishgold for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, and L. Stephen Porter, Deputy Attorney General, for Defendants and Respondents.

AGEE, J.—Appellants are licensed real estate brokers, against whom an accusation executed by a deputy real estate

commissioner of the State of California was filed on September 2, 1966, before the Division of Real Estate of the Department of Investment of the State of California ("respondent agency").

The misconduct alleged arose out of the sale of certain real property owned by Mrs. Laura M. Burke, whose daughter, Mrs. Laura E. Tollefson, participated in the sale negotiations.

On September 12, 1966 appellants' attorney filed before the respondent agency a petition seeking (1) the issuance of subpoenas to take the depositions of Mrs. Burke and Mrs. Tollefson and (2) an order permitting the propounding of interrogatories (not specified) to the Real Estate Commissioner, respondent Gordon. Following a hearing thereon before a hearing officer of the Office of Administrative Procedure (Gov. Code, § 11502), the petition was denied.

Appellants then filed a petition in the superior court for a writ of mandate to compel the granting of the relief outlined above. Respondents' general demurrer was sustained without leave to amend on the ground that the petition failed to state a cause of action for such relief. This appeal from the ensuing judgment followed.

Appellants' contention is that, even though there is no statute[1] which authorizes prehearing discovery in an administrative disciplinary proceeding, the statutory procedures relating thereto should be *augmented* by the courts "to promote fair play and the interests of justice."

Appellants rely principally upon *Shively* v. *Stewart* (1966) 65 Cal.2d 475 [55 Cal.Rptr. 217, 421 P.2d 65], wherein the Supreme Court said: "The Administrative Procedure Act (Gov. Code, §§ 11501-11524), . . . contains no express provisions authorizing prehearing discovery in administrative proceedings. [Citations.] Although section 11510 of the Government Code provides that 'Before the hearing has commenced the agency or the assigned hearing officer shall issue subpoenas and subpoenas duces tecum at the request of any party . . .' (subd. (a)), section 11511 indicates that the Legislature expressly contemplated the use of the subpoena power to secure the attendance of witnesses and the production of evidence at hearings. Thus, in authorizing the taking of depositions when the witness will be unable to or cannot be compelled to attend, section 11511 provides for depositions,

[1]Government Code section 11511 provides for the deposition of a witness only upon a showing that the witness will be unable to attend or cannot be compelled to attend, the administrative hearing.

not for the purpose of discovery, but to secure evidence for use at the hearing.

''The Legislature's silence with respect to prehearing discovery in administrative proceedings does not mean, however, that it has rejected such discovery. Instead, as in the case of criminal discovery [citation], it has left to the courts the question whether modern concepts of administrative adjudication call for common law rules to permit and regulate the use of the agencies' subpoena power to secure prehearing discovery.'' (Pp. 478-479.)

The facts in *Shively* are: two licensed physicians, petitioners in the mandamus proceeding, were accused by the State Board of Medical Examiners of performing illegal abortions upon two named women. A month before the scheduled hearing date, they requested the hearing officer to issue subpoenas duces tecum to obtain (1) statements from the women named and their husbands; (2) copies of the petitioners' bills, letters and documents with respect to the treatment given; and (3) all reports and documents gathered by investigators and employees of the board. The hearing officer denied the request and the superior court denied the doctors' petition for a writ of mandate.

The Supreme Court held that the petitioners' requests as to items (1) and (2) should have been granted but that their request as to item (3) required an additional showing.

Thus, the specific holding in *Shively* is that the subpoena duces tecum authorized by section 11510 of the Government Code may be used for discovery purposes and is not restricted to the obtaining of evidence to be used only *at* the hearing. (This is the first appellate decision allowing such prehearing discovery.)[2]

The principle upon which *Shively* is based is that the accused in an administrative disciplinary proceeding should have the same rights of discovery as the accused in a criminal proceeding. *''The criminal law analogy is appropriate here. . . .* Petitioners have been charged with crimes [illegal abortions] and should have the *same* opportunity *as in criminal prosecutions* to prepare their defense.'' (65 Cal.2d, at pp. 479-480; italics added.) We shall thus direct our inquiry to the

[2]In *Brotsky* v. *State Bar* (1962) 57 Cal.2d 287 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310] the Supreme Court allowed discovery in disciplinary proceedings before the State Bar. However, the court found that the State Bar ''is not an administrative board in the ordinary sense of the phrase. It is *sui generis*. In disciplinary matters (and in many of its other functions) it proceeds as an arm of this court.''

deposition and discovery rights of a defendant in a criminal action.

Our statutes permit the taking of depositions in criminal actions, either by oral or written iterrogatories, in the following situations, none of which are present here: nonresident witness (Pen. Code, § 1349) ; witness about to leave the state or who is sick or infirm (Pen. Code, § 1336) ; and conditioned examination of witness (Pen. Code, § 1335).

■ A defendant in a criminal action does not, however, have a right to take the deposition of a potential prosecution witness for discovery purposes. (*People* v. *Mersino,* 237 Cal.App.2d 265, 269 [46 Cal.Rptr. 821]; *Clark* v. *Superior Court,* 190 Cal.App.2d 739, 742 [12 Cal.Rptr. 191]; Witkin, Cal. Evidence (1958) § 1056, p. 965.)

In *Clark* v. *Superior Court, supra,* the court stated: "It is significant that the Legislature, over the years, has seen fit to provide for the taking of depositions of prosecution witnesses in criminal cases only in the limited situations set forth in the before-mentioned code sections. [Pen. Code, §§ 1335, 1336, 1349.] In fact, the Legislature has practically provided that other depositions may not be taken, for section 1341, dealing with conditional examination of witnesses as provided in section 1335, provides, 'If, at the time and place so designated, it is shown to the satisfaction of the magistrate that *the witness is not about to leave the state, or is not sick or infirm, or that the application was made to avoid the examination of the witness on the trial, the examination cannot take place.'* (Italics added.)

"Moreover, the California Constitution seems to qualify the right to depositions in criminal cases for article I, section 13, provides in 'Rights of Accused,' 'The Legislature shall have power to provide for the taking, in the presence of the party accused and his counsel, of depositions of witnesses in criminal cases, other than cases of homicide *when there is reason to believe that the witness, from inability or other cause, will not attend at the trial.'* (Emphasis is added.) . . . While the Legislature in 1957 liberalized discovery and the taking of depositions in civil cases, it made no change in the statutes concerning depositions in criminal cases. This fact is highly significant." (190 Cal.App.2d at pp. 741-742.)

There are a number of criminal discovery rules established by court decisions. ■ "In a proper case, one charged with crime may, before trial, inspect: statements of his own in possession of the prosecution, whether signed, unsigned, or on

recording tapes; real evidence or reports of state officers' examination thereof; and statements of persons expected to be prosecution witnesses at trial. He may compel disclosure of the names and addresses of eyewitnesses of an alleged crime.'' (*Yannacone* v. *Municipal Court,* 222 Cal.App.2d 72, 74 [34 Cal.Rptr. 838]; *People* v. *Lindsay,* 227 Cal.App.2d 482, 510 [38 Cal.Rptr. 755].)

However, with respect to appellants' request to propound interrogatories to respondent Gordon, as Commissioner, the following language in *People* v. *Lindsay, supra,* is appropriate: ''a defendant has to show some better cause for inspection than a mere desire for the information which has been obtained by the People in their investigation.'' (P. 511.)

The only showing made by appellants in their petition to respondent Gordon is the allegation that they ''require an opportunity to present interrogatories to the Real Estate Commissioner to determine what evidence will be introduced at the hearing. . . .'' We think this is clearly insufficient. (*Shively* v. *Stewart, supra,* 65 Cal.2d 475, 482.)

*No* interrogatories were proposed and we thus find ourselves in the same position as the court in *Lindsay, supra,* wherein the opinion states: ''The proposed interrogatories have not been made part of the record on appeal. We therefore have no way of knowing their nature and purport.'' (P. 510.)

*Shively* v. *Stewart, supra,* recognizes that, upon a proper showing being made, the accused in an administrative disciplinary proceeding, may depose an executive employee of a public agency for a *limited* purpose. In this respect, the court held:

''With respect to item three, the applicable rule is that to secure discovery, there must be a showing of more than a wish for the benefit of all the information in the adversary's files. [Citations.] Accordingly, in the absence of some additional showing of need and specificity, petitioners are not entitled to discovery of all of the reports and documents gathered by investigators and employees of the board. Since petitioners are entitled to a reasonable opportunity to make such a showing, however, they may invoke the subpoena power of section 11510 of the Government Code to take depositions of the board's attorney and executive secretary to determine whether there is 'good cause' for the production of *other* documents that are neither privileged nor protected as the attorney's work product.'' (Italics added.)

Section 11510 provides in part as follows: "Before the hearing has commenced the agency, or the assigned hearing officer, shall issue subpoenas and subpoenas duces tecum at the request of any party in accordance with the provisions of Section 1985 of the Code of Civil Procedure."

Said section 1985 provides in part as follows: "It [subpoena duces tecum] may also require him [the witness] to bring with him any books, documents, or other things under his control which he is bound by law to produce in evidence."

It is apparent that the use of the word "depositions" in the above quotation from *Shively* was intended to be *limited* in its application to the production of evidentiary material which the witness has in his possession or under his control.

*Shively* left the door open for a further application by the petitioners therein and the same opportunity is available to the petitioners herein.

Appellants claim that they had some kind of an understanding with Mrs. Tollefson's private attorney to "perpetuate" her testimony by way of deposition.

On May 16, 1966 appellants' attorney wrote to a deputy real estate commissioner, Kenneth A. Brown, stating: "I was speaking to Thomas J. Clancy, the attorney for Mrs. Tollefson, and he advises me that you propose to file an Accusation against the Everett Realty Company within the next few weeks and will not permit him to let me depose his client. In view of the fact that you propose to file an Accusation in any event, no useful purpose would be served in preparing the Affidavit which you requested on April 28. If I am acting under a misapprehension, please advise."

On May 19, 1966 Brown replied as follows: "This will acknowledge your letter of May 16, 1966. As I explained to you, at the time of our last meeting on April 28, 1966, our procedure generally does not call for an exchange of depositions until an accusation has been filed. You will be notified if and when such an accusation is filed."

Appellants assert that the foregoing letter constitutes an "affirmative promise by the commissioner to permit discovery in this case."

In their mandate petition to the superior court, appellants allege: "That in reliance upon said reply [Brown's letter of May 19, 1966], petitioners' attorney did not institute any proceedings to perpetuate testimony of any witnesses but relied

solely upon the representation of Brown that depositions could be exchanged if and when an accusation were filed.''

We do not think that appellants have correctly interpreted Brown's letter or that they were entitled to any such reliance as they now claim.

It is evident that there had been some discussion of an ''exchange of depositions'' at a meeting of appellants' attorney and the deputy commissioner on April 28, 1966. It is also evident that it had not been determined at that time whether an accusation would be filed and that the commissioner's office took the position that any discussion of an ''exchange of depositions'' was premature and should await a determination of whether an accusation should be filed.

This appears to us to be the only reasonable conclusion to be drawn from the record before us.

In conclusion, we call attention to appellants' opening brief, in which it is stated, under the heading of ''Question Presented'': ''Does the California Administrative Act violate due process of law when it gives the Real Estate Commissioner unlimited prehearing discovery in an administrative adjudicatory proceeding, and at the same time, denies that right to the accused in such a proceeding?''

First, we call attention to the rule that ''Pretrial discovery in favor of defendants, however, is not required by due process. [Numerous citations.] Accordingly, when this court permitted discovery in advance of as well as at the trial [citations], it was not acting under constitutional compulsion but to promote the orderly ascertainment of the truth.'' (*Jones* v. *Superior Court* (1962) 58 Cal.2d 56, 59-60 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]; *People* v. *Lindsay, supra,* 227 Cal.App.2d 482, 511.)

In the *Shively* case, Chief Justice Traynor carefully considered the same argument made by appellants herein, stating: ''The medical board has the resources of the state at its command to enable it to secure complete information and to prepare its case before filing an accusation. (Gov. Code, §§ 11180-11181.) Such investigatory powers have been liberally construed. (*Brovelli* v. *Superior Court,* 56 Cal.2d 524, 528-529 [15 Cal.Rptr. 630, 364 P.2d 462]; see *Redding Pine Mills* v. *State Board of Equalization,* 157 Cal.App.2d 40, 44 [320 P.2d 25]; *United States* v. *Morton Salt Co.,* 338 U.S. 632, 642-643 [94 L.Ed. 401, 410-411, 70 S.Ct. 357].) A disciplinary proceeding has a punitive character, for the agency can prohibit an accused from practicing his profession. (See Reich, *The*

*New Property* (1964) 73 Yale L.J. 733, 751-755, 781, 784.) Since the agency is the accuser, a party to the proceeding, and ultimately makes a decision on the record, its concentration of functions calls for procedural safeguards. (*Ibid.*, p. 752, fn. 97.) Petitioners have been charged with crimes and should have the *same* opportunity as in *criminal prosecutions* to prepare their defense.'' (Italics added.)

Our opinion is that the ordering of prehearing depositions of Mrs. Burke and Mrs. Tollefson for discovery purposes is not authorized by *Shively* and goes beyond its scope.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied November 21, 1968.