[Civ. No. 12019. Third Dist. July 23, 1970.]

GEORGE C. STEVENSON, Plaintiff and Appellant, v.
STATE BOARD OF MEDICAL EXAMINERS et al.,
Defendants and Respondents.

**COUNSEL**

Jerrald K. Pickering for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Milos Terzich and John Fourt, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**JANES, J.**—Appellant, a licensed physician and surgeon, appeals from a judgment denying his second amended petition for writ of mandamus and writ of prohibition. Respondents are the State Board of Medical Examiners (hereinafter, the "board"), its executive secretary, and a district review com-

mittee of the board (Bus. & Prof. Code, §§ 2123-2124.3). The judgment was entered after respondents' general demurrer to the amended petition was sustained without leave to again amend.

This appeal presents issues concerning the availability of prehearing depositions in an administrative disciplinary proceeding, the board's prerogatives in ordering such depositions to be taken, and the adequacy of appellant's showing for such an order. Pending appeal, the disciplinary proceeding involving appellant has been taken off calendar by stipulation of the parties.

The executive secretary, in his official capacity, commenced the initial proceeding by filing with the board an accusation against appellant containing two charges of unprofessional conduct. The first charge was that, during 1965 and 1966, appellant employed an unlicensed practitioner (one Roger Whittaker) in the practice of medicine and surgery, or that he aided or abetted Whittaker in such practice. (Bus. & Prof. Code, § 2392.) Seven instances were specified wherein, at a hospital in Redding, Whittaker was alleged to have cut burrholes in the skulls of patients, or to have done suturing or removed sutures. The second charge was in substance a restatement of the aiding and abetting portion of the first charge, but invoked two additional code sections (Bus. & Prof. Code, §§ 2141, 2361).[1]

Appellant's notice of defense, as amended, admitted that Whittaker was his employee in 1965 and 1966, and contained miscellaneous denials and objections. It is appellant's affirmative defenses which concern us here. As to the seven instances of Whittaker's conduct specified in the accusation, appellant alleged that three were emergency situations (Bus. & Prof. Code, § 2144). He claimed that "the mere removal of sutures is not the practice of medicine as defined by the Business and Professions Code . . . or any other code of conduct." He urged that his employment of Whittaker was "in no capacity other than in a form which he in good faith felt was a standard medical practice within the intent and the standard of the medical community. . . ." Another allegation contended the accusation was "the result of a malicious conspiracy" participated in by unspecified medical licensees who practiced in the Redding area. These conspirators allegedly had accused appellant "through the executive secretary" of the board in hopes either of having him lose his license or of forcing him to leave

[1]Section 2141 makes it a misdemeanor to practice medicine without a proper license; section 2361 requires the board to take action against a licensee who engages in any act of unprofessional conduct as defined by that section. Whittaker was convicted in the justice court of violating section 2141, a misdemeanor. On the same date (December 21, 1966), appellant was convicted in the same court of the same crime as an aider and abettor. (See, *Whittaker* v. *Superior Court* (1968) 68 Cal.2d 357 [66 Cal.Rptr. 710, 438 P.2d 358].)

Redding. Another affirmative defense averred that findings in support of the accusation would involve an ex post facto standard of guilt. Finally, appellant alleged that his "use of unlicensed personnel to help him in certain phases of his parctice of medicine" was no more than was being done by other unnamed medical licensees in Redding and elsewhere in California. He claimed that the accusation against him was discriminatory because, although these "other licensed medical doctors and surgeons were also using unlicensed personnel . . . to aid them in their practicing medicine," the other physicians had not been accused by the board. Hence appellant asserted he was being denied equal protection of the law as guaranteed by the Fourteenth Amendment.

After filing his notice of defense, appellant presented to the board a petition requesting that agency to issue subpoenas for the taking of prehearing depositions of 16 Redding physicians, four medical doctors elsewhere in the state, and one whose address was in North Carolina, as well as the deposition of a hospital administrator in Redding. The petition was purportedly executed pursuant to Government Code section 11511.[2] It alleged that all but three of these prospective deponents lived more than 150 miles from Sacramento, the place set for the disciplinary hearing. It stated that those 19 persons could not be compelled to attend the hearing without great expense to appellant (Gov. Code, § 11510, subd. (b)) and loss of deponents' time.

 The petition filed with the board requested that the subpoenas designate Redding as the place the depositions would be taken. It gave the names and addresses of the 22 individuals and averred: "Each of the medical doctors listed . . . can give material testimony in this matter *in either one or all* of the following particulars; . . ." (Italics added.) There then followed an outline of the anticipated testimony. That outline did not indicate which deponents would testify to any particular portion of the subject matter. The first two items on the outline were: "(a) To establish by practice specifically what the definition of the practice of medicine is. (b) What constitutes unprofessional conduct within the meaning of the

[2]Section 11511 provides: "On verified petition of any party, an agency may order that the testimony of any material witness residing within or without the State be taken by deposition in the manner prescribed by law for depositions in civil actions. The petition shall set forth the nature of the pending proceeding; the name and address of the witness whose testimony is desired; a showing of the materiality of his testimony; a showing that the witness will be unable or can not be compelled to attend; and shall request an order requiring the witness to appear and testify before an officer named in the petition for that purpose. Where the witness resides outside the State and where the agency has ordered the taking of his testimony by deposition, the agency shall obtain an order of court to that effect by filing a petition therefor in the superior court in Sacramento County. The proceedings thereon shall be in accordance with the provisions of Section 11189 of the Government Code."

medical profession. . . ." Those initial two items could not comprise material testimony, as to which a showing is required by section 11511. (See fn. 2, *supra*.)

The practice in the profession could not establish the standard exacted by law. (*Crees* v. *California State Board of Medical Examiners* (1963) 213 Cal.App.2d 195, 207-208 [28 Cal.Rptr. 621]; *Jacobsen* v. *Board of Chiropractic Examiners* (1959) 169 Cal.App.2d 389, 395 [337 P.2d 233].) Although the term "the practice of medicine" is not defined as such by statute, the conduct referred to in Business and Professions Code sections 2137, 2141, and 2392 adequately describes it. Similarly, "unprofessional conduct" finds illustration in sections 2361 and 2392 of the same code.

Appellant's blanket allegation to the board that each prospective deponent could testify "in either one or all" of the respects shown in the submitted outline failed to show the materiality of *any* testimony, since it might just as easily have been referring to the immaterial first two items in the outline. Consequently, we omit recitation of the remaining items of anticipated testimony which appellant included in the petition filed with the board. The ambiguity of the petition rendered it patently insufficient to comply with Government Code section 11511.

After respondent board declined to issue the requested subpoenas for the taking of prehearing depositions, appellant filed in superior court his petition for writs of mandate and prohibition to compel such issuance and to stay the disciplinary proceedings until the depositions were completed. The court issued an order to show cause and temporary stay.

Respondents' general demurrers to the first superior court petition, as well as to an initial amendment thereof, were sustained with leave to amend, and appellant thereafter filed his second amended petition. The second amended petition alleged, inter alia, that the doctors he wished to subpoena for depositions represented "roughly 25%" of the doctors in Redding, that it would disrupt the orderly practice of medicine in Redding to subpoena such a large number of physicians to the hearing itself, and that some of them "could always avoid testifying on the basis of emergency or urgency of practice." The second amended petition listed the names and addresses of the 16 Redding doctors, the four elsewhere in California, the one in North Carolina, and the hospital administrator in Redding. In contrast to his petition before the board, appellant's second amended petition stated without ambiguity what he anticipated showing by the deposition of each of those 22 persons. Such anticipated testimony, with few exceptions, was to show either the conspiracy alleged as an affirmative defense or that there

was a common practice among California physicians of employing unlicensed personnel in the practice of medicine.

As heretofore stated, the general demurrer of respondents to the second amended petition was sustained without leave to amend, and the judgment followed.

█ Appellant first contends that, under Government Code section 11511 (fn. 2, *supra*), the board had a ministerial duty to issue the subpoenas which he requested. He refers to statements in *Shively* v. *Stewart* (1966) 65 Cal.2d 475 [55 Cal.Rptr. 217, 421 P.2d 65, 28 A.L.R.3d 1431], to the effect that the issuance by an administrative agency of subpoenas to secure "prehearing discovery" is a ministerial act as to which the agency has no discretion, that the agency's remedy is to move to vacate, quash, or modify the subpoena in the superior court, and that "the agency does not pass on the scope of its adversary's subpoenas. . . ." (*Id.,* p. 480.) Hence appellant complains that respondents' refusal put him in the position of having to seek relief in superior court when, he contends, that should have been respondents' burden.

Appellant's contention is without merit. *First, Shively* was talking about subpoenas issued under former subdivision (a) of Government Code section 11510, which used mandatory language when it provided in material part that "Before the hearing has commenced the agency, or the assigned hearing officer, *shall issue* subpoenas and subpoenas duces tecum at the request of any party. . . ." (Italics added.) *Second,* the depositions authorized by *Shively* were of a limited nature. They were depositions only of *executive employees of the administrative agency;* prehearing depositions of alleged material witnesses (other than such employees) were not authorized by the Supreme Court. *Third,* the "prehearing discovery" referred to in *Shively* was intended to be limited to the production of evidentiary material which a deponent had in his possession or under his control; general discovery was not approved by that case. (*Everett* v. *Gordon* (1968) 266 Cal.App.2d 667 [72 Cal.Rptr. 379]; see also, *Romero* v. *Hern* (1969) 276 Cal.App.2d 787, 790 [81 Cal.Rptr. 281].) *Fourth,* the fact that section 11511 requires "a showing" by "verified petition" and speaks of an "order" of the agency indicates the agency must itself assess the sufficiency of the applicant's showing, rather than suggesting that the agency must issue the subpoena and order the deposition regardless of that showing.

█ Next, appellant asserts that he made an adequate showing under section 11511 when he amended his petition the second time in superior court. We reject this contention. The adequate showing required by that

section is one required to be made by verified petition filed with *the administrative agency*. We have hereinbefore concluded that, in appellant's case, his agency petition was ambiguous and insufficient to show the materiality of any of the proposed depositions. He could not cure such insufficiency by amendments filed not with the board but with the court. As stated in *Wilke & Holzheiser, Inc.* v. *Department of Alcoholic Beverage Control* (1966) 65 Cal.2d 349, at page 377 [55 Cal.Rptr. 23, 420 P.2d 735], "[i]n a mandate proceeding under section 1094.5 of the Code of Civil Procedure, the recognized rule precludes the introduction of evidence which the proponent neglected to offer before the administrative agency." (See also, *Housman* v. *Board of Medical Examiners* (1948) 84 Cal.App.2d 308, 313 [190 P.2d 653, 192 P.2d 45]; Cal. Administrative Mandamus (Cont. Ed. Bar 1966), § 5.73, pp. 86-87.)

█ Finally, appellant contends that, apart from section 11511, he has a common law right to the prehearing depositions of the physicians and hospital administrator. As our analysis of his first contention shows, this last point is unavailing. (See *Shively* v. *Stewart, supra,* 65 Cal.2d 475; *Romero* v. *Hern, supra,* 276 Cal.App.2d at p. 790; *Everett* v. *Gordon, supra,* 266 Cal.App.2d 667; and Govt. Code, § 11507.5 et seq.)

The judgment is affirmed.

Friedman, Acting P. J., and Regan, J., concurred.