**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SELVITELLA, | No. 10-15151 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-04388-CW |
| v. | |
| CITY OF SOUTH SAN FRANCISCO, CALIFORNIA, a Municipal Corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted March 16, 2011[**]
San Francisco, California

Before: NOONAN, FERNANDEZ, and CLIFTON, Circuit Judges.

James Selvitella appeals the district court's order denying his petition for a

writ of mandamus under California Code of Civil Procedure § 1094.5. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court correctly concluded that the city of South San Francisco complied with its Personnel Rule § 13.02(B), which requires that the subject of disciplinary action be allowed "to inspect copies of all materials upon which the disciplinary action is based." In Selvitella's hearing before the Personnel Board, the Board accepted testimony that the city produced all of the materials it relied on in deciding to terminate Selvitella. The materials provided Selvitella with his notice of termination were more than sufficient to prove the factual allegations underlying his dismissal–indeed, Selvitella's termination could have been supported by his admissions alone–which constitutes substantial evidence supporting the Board's conclusion that Selvitella was allowed to inspect all materials on which the decision to terminate him was based. *See Rosenblit v. Superior Court*, 282 Cal.Rptr. 819, 824 (1991) (holding that foundational factual findings material to whether an agency proceeded in the manner required by law are reviewed for substantial evidence).

The Personnel Board did not abuse its discretion by denying Selvitella's discovery requests. *See Cimarusti v. Superior Ct.*, 94 Cal. Rptr. 2d 336, 342-43 (Cal. Ct. App. 2000) (holding that agency evidentiary and discovery decisions are reviewed for abuse of discretion). Selvitella's reliance on *Shiveley v. Stewart*, 55 Cal. Rptr. 217 (Cal. 1966) is misplaced for two reasons. First, *Shiveley* dealt with

2

the right to practice one's profession, not to retain a particular job. Second, even in *Shively*, the doctors challenging the agency decision were denied discovery with respect to "reports and documents gathered by investigators and employees of the board." *Shiveley*, 55 Cal. Rptr. at 69. The court held that "to secure discovery, there must be a showing of more than a wish for the benefit of all the information in the adversary's files," and that "some additional showing of need and specificity" was required. *Id.* Selvitella has been incapable of even theorizing as to what types of documents or other materials the criminal investigation may have produced that could overcome the clearly established facts of his misconduct. Because the Board properly found that Selvitella had been provided all the materials to which he was entitled under local rules, the district court was correct to conclude that it did not abuse its discretion in refusing to order additional discovery.

Selvitella's complaint that the Board's decision was not supported by findings related to the charges against him is without merit. In its decision, the Board noted that it "voted, unanimously, to uphold the City's decision." The Board also referenced the factual conclusions that underlay the City's decision:

> The City terminated Mr. Selvitella's employment after determining that Mr. Selvitella had engaged in repeated instances of illegal gambling while on duty, used City facilities to conduct illegal gambling activities and facilitated on-duty illegal gambling by a subordinate.

3

Far from leaving any "analytic gap," as Selvitella suggests, the links between the factual allegations against Selvitella and the rule violations that resulted in his termination were made abundantly clear in the several notices he received regarding the disciplinary action against him, and did not require much explanation in the first place. *Cf. Topanga Ass'n for A Scenic Community v. County of Los Angeles*, 113 Cal. Rptr. 836, 841 (1974) ("[I]mplicit in section 1094.5 is a requirement that the agency which renders the challenged decision must set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or order.") That the Personnel Board decision was brief and incorporated the City's decision by reference is inconsequential, for the communication of the charges to Selvitella certainly satisfied "the liberal rules of administrative pleading," which "require only that the respondent . . . be informed of the substance of the charge and afforded the basic, appropriate elements of procedural due process." *Cooper v. Bd. of Med Examiners*, 123 Cal.Rptr. 563, 570 (Cal. Ct. App. 1975); *see also Burako v. Munro*, 345 P.2d 124, 126 (Cal. Ct. App. 1959) ("[C]ourts are more interested in fair notice to the accused than in adherence to technical rules of pleading.").

Selvitella's emphasis on the Board's statement that it "also note[d] that the termination is warranted based on Mr. Selvitella's acknowledged repeated

4

instances of illegal conduct while on duty" is a red herring. That statement merely indicates that, in addition to the several rule violations cited by the City, Selvitella also deserved to be terminated based on the simple fact that his actions were illegal. *See* South San Francisco Personnel Rule 13 ("The City may take disciplinary action against any employee for misconduct of any violation of . . . any laws.").

The Board did not abuse its discretion by terminating Selvitella for his misconduct. Courts review agency penalties "with great deference to the administrative agency." *Deegan v. Mountain View*, 84 Cal. Rptr. 2d 690, 695 (Cal Ct. App. 1999). "The appellate court reviews the agency's selection of penalty and, if reasonable minds can differ with regard to the propriety of the disciplinary action, it finds no abuse of discretion." *Id.* Every City official that reviewed Selvitella's case, including the Fire Chief, the City Manager, the Assistant City Manager, and each member of the unanimous Board, determined that Selvitella should be terminated. Their determination was based on the fact that Selvitella violated City rules by engaging in conduct that he knew was illegal, by encouraging at least one subordinate employee to do the same, and by using City property and equipment to engage in that illegal activity. That is not an

5

unreasonable basis. *See Deegan*, 84 Cal. Rptr. 2d at 695. The Board therefore did

not abuse its discretion in upholding Selvitella's termination.

**AFFIRMED.**